### MYERS v. STATE. (6 Div. 112.)

(Court of Appeals of Alabama. Jan. 30, 1923.)

**1. Witnesses ⬤⟲17—Witness must refuse or fail to obey subpœna before attachment to secure attendance issued.**

Until a witness has been served with a subpœna and has refused or failed to respond thereto, or until witness is otherwise in contempt of court by refusing to obey its mandate, the party calling such witness is not entitled to an attachment to procure his attendance, but can only request that witness be subpœnaed in his behalf.

**2. Criminal law ⬤⟲594(3)—Not error to deny motion for continuance where no certainty missing witness could be found.**

In a prosecution for murder, the refusal to postpone the trial on account of the absence of a material witness for accused was not error, even though no convenience of the court or any condition of the docket can authorize the denial of the constitutional right of accused to have compulsory process for obtaining witnesses in his favor, because at the time motion was made it was by no means certain that accused would be able to find witness and bring her into court, her whereabouts not being certain, and this uncertainty justified court in exercising its discretion to grant or refuse continuance.

**3. Criminal law ⬤⟲1151—Granting or denying continuance is in discretion of court and not disturbed unless discretion abused.**

Granting or denying a motion for continuance is within discretion of court, and, unless it clearly appears that the discretion has been abused, the court's action will not be disturbed.

**4. Homicide ⬤⟲319—Refusal to grant new trial held error.**

In a prosecution for murder where the only eyewitness was the uncle of deceased, whose testimony tended to prove the killing was not justifiable, but testimony of accused showed self-defense, and the only other witness to the killing could not be found, though accused had

-exhausted all means known to law to secure her attendance, the denial of new trial when missing witness was found and was in court ready to testify when motion was made was error, when it appeared that her testimony was material and disinterested and tended to justify accused, especially as the other eyewitness was kinsman of deceased and interested in the result.

Appeal from Circuit Court, Jefferson County; Wm. E. Forst, Judge.

Foree Myers was convicted of murder in the second degree, and he appeals. Reversed and remanded.

M. H. Murphy and Erle Pettus, both of Birmingham, for appellant.

Defendant was entitled to a continuance in order to procure the testimony of a material witness. Const. 1901, § 6; 117 Ala. 85, 23 South. 670. The defendant's motion for a new trial should have been granted. Acts 1915, p. 722; 15 Ala. App. 199, 72 South. 773; 15 Ala. App. 582, 74 South. 400; 15 Ala. App. 584, 74 South. 721; 16 Ala. App. 192, 76 South. 476.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The granting or refusing of a continuance is discretionary, and not revisable on appeal, unless abused. 17 Ala. App. 674, 88 South. 211. There was no error in refusing to grant a new trial. 4 Mich. Ala. Dig. 284, 479, 535.

BRICKEN, P. J. The undisputed facts as shown by the testimony contained in record in this case disclosed that the defendant killed Ike Jones, the deceased named in the indictment, by shooting him with a pistol, and that the killing occurred in the home of a Mrs. S. E. Stanley, who at the time lived about a mile or mile and a half east of East Lake, in Jefferson county, Ala. Aside from the principals (Jones, deceased, and Myers, defendant), there was no one present to witness the killing except Jim Jones, an uncle of deceased, and who was the principal state witness, and the said Mrs. Stanley. Other witnesses were examined by the state and by defendant, as to collateral facts only.

The testimony as to the shooting and as to the facts and circumstances leading up to the killing as stated by the eyewitnesses were in sharp conflict. That of witness Jones tended to support the theory of the state as to the killing being unlawful and not justifiable; and the testimony of the defendant tended to support his insistence that he acted in self-defense, and that he was justified under the law in taking the life of deceased. With this irreconcilable conflict, it is very manifest that the testimony of Mrs. S. E. Stanley, the only other person who witnessed the killing, became very material, and to the end of having her testify the defendant exhausted every means known to the law to secure her presence at the trial; but this witness had moved away from her former place of residence, and the officers were unable to locate her, and, as shown by the court records (subpœna docket), there were three separate returns of "not found" as to this witness Mrs. Stanley.

On the day of trial, when called upon for announcement, counsel for defendant stated that "he was about as near ready as he ever would be, for the reason that his witness was returned not found." The trial was entered upon during the morning session of the court.

Upon reconvening of the court at 2 o'clock, the defendant offered to show to the court that the defendant's counsel had learned during the noon recess that the daughter of the said witness Mrs. S. E. Stanley was then ill at the Hillman Hospital at Avenue F and Twentieth Street South, Birmingham, Ala., and defendant's counsel immediately visited the said daughter in the Hillman Hospital for the purpose of learning the whereabouts of the said material eyewitness for the defendant, namely, Mrs. S. E. Stanley, and defendant's counsel was informed by the head nurse at the Hillman Hospital that the daughter of Mrs. Stanley was entirely too sick at the time to be approached upon the subject of the whereabouts of her mother or to carry on any conversation whatever, but that the said witness Mrs. S. E. Stanley had that same morning been at said hospital to be with her sick daughter, and was expected back during the afternoon, or certainly not later than the next morning, as her daughter was very sick and needed the attention of her mother.

It was stated to the court by counsel for defendant that his partner was at that time out searching for the witness and would bring her into court, if possible, that afternoon.

Thereupon defendant offered to make this showing to the court, and to make the showing that the said material eyewitness, Mrs. S. E. Stanley, was then in the city of Birmingham, and could shortly be served and brought into court as a witness in said cause, and moved the court suspend the trial for a reasonable time to give the defendant an opportunity to have said witness Mrs. S. E. Stanley brought into court. The court denied the application for a suspension or postponement of the trial, and overruled defendant's motion, to which action and ruling of the court the defendant then and there duly excepted.

The court, however, stated at that time that the trial would probably last all day, and possibly run into the next day, and in the event the witness was found and brought into court the defendant would be permitted

to examine her and have the benefit of her testimony.

The trial in the main case, however, was finished on that day, and had been closed before the witness could be brought into court, and resulted in a verdict of conviction. The defendant promptly (on the next succeeding day) made a motion for a new trial, upon the ground that by accident, mistake, or surprise he had been prevented from offering his testimony on the main trial. The gist of this motion was based upon the proposition that the defendant was not permitted upon the main trial to have the benefit of the material testimony of the eyewitness Mrs. Stanley. Mrs. Stanley was brought into court and was examined upon the hearing of the motion. It was shown that she was a disinterested eyewitness, and that her testimony would have been most material on the trial of this case.

[1] The testimony of Mrs. Stanley, on the motion, is set out in full in the transcript. It is, as stated, most material and in our opinion vital to the defendant, who was on trial for his life. It was affirmatively shown that this witness was not absent by the consent, or knowledge, or procurement of the defendant, or through any negligence upon his part; that he had, as above stated, resorted to every means known to the law to secure her attendance as a witness upon the trial of this case. Until the witness had been served with a subpoena and thereafter refused or failed to come to court in response thereto, or until she was otherwise in contempt of court by refusing or failing to obey its mandate, the defendant was not entitled to an attachment for her as a witness, but could only resort to the method of requesting that she be subpoenaed as such in his behalf, which was promptly done on several occasions and without delay upon the part of defendant.

[2, 3] We would not hold the trial court in error for refusing to postpone the trial or to continue the cause, because at the time the motion was made the whereabouts of the witness Mrs. Stanley was by no means certain, nor was it at all certain that the defendant would be able to find her and bring her into court to give testimony. This uncertainty, we think, was ample to justify the court in exercising the inherent discretion with which it is vested in the granting or refusal to grant continuances.

It is true, as stated in the case of Walker v. State, 117 Ala. 85, 23 South. 670, and quoted with approval in Morris v. State, 193 Ala. 5, 68 South. 1003, no convenience of the court, nor any condition of the docket of the cases for trial, can authorize the denial of the right of accused to have compulsory process for obtaining witnesses in his favor, which right is guaranteed to him by the Constitution of this state. But by repeated decisions and adjudications it has been held that the granting or refusal of a continuance is within the discretion of the court, and, unless it clearly appears that an abuse of this discretion has been committed, the court's action will not be disturbed.

We therefore conclude, under the conditions as shown by the record, that there was no reversible error in overruling the motion to suspend the trial or to continue the cause.

[4] We are of the opinion, however, that defendant's motion for a new trial should have been granted, and that the court committed error in overruling the motion. It appears to us that the defendant was clearly entitled to have the benefit of the testimony of the eyewitness Mrs. Stanley. Her testimony would have been very material on the trial of the case, and the defendant was deprived of having the benefit of this witness' testimony without any fault, negligence or delay upon his part. This witness at the time of the hearing of the motion for a new trial was not only within the jurisdiction of the court, but was in the courtroom, and thus could have then and there been served with process to attend and testify in this trial or could have been placed under a recognizance to do so.

Under the conditions as shown by the record we do not think this defendant has been accorded the fair and impartial trial guaranteed to him and contemplated under the Constitution and laws of this state. He has been forced to trial for his life, confronted only by one eyewitness, a kinsman of deceased, and therefore interested in the result of the trial, and was, without any fault or negligence upon his part, deprived of the right to have present the only other eyewitness to the whole transaction, and this witness, it clearly appears, is not connected by blood or marriage to either of the parties, and, so far as appears, is disinterested in the outcome or result of the trial.

For the error in overruling defendant's motion for new trial the judgment of the lower court in this respect is reversed; and, under the authority vested in this court by the statute (Acts 1915, p. 722), a new trial is hereby granted to defendant, and the cause is remanded for that purpose.

Reversed and remanded.