(126 So. 610)

## THOMAS v. STATE.

### 6 Div. 649.

Court of Appeals of Alabama.
Feb. 11, 1930.

Rehearing Denied March 4, 1930.

Bolivar B. O'Rear, of Jasper, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

**BRICKEN, P. J.**

The controlling point of decision presented by this record is simple and uninvolved. To the present indictment for burglary, etc., the defendant interposed two pleas, both in the nature of former jeopardy. Issue was joined on the pleas, and the question was submitted to the court for decision upon an agreed statement of facts. The facts being agreed upon, and consequently without conflict, the question involved was one of law for the court to decide, and not a question of fact for the jury, as insisted by appellant.

We gather from the facts agreed upon that this appellant was indicted for robbery alleged to have been committed upon one George H. Whatley, and upon his trial for that offense was acquitted by the verdict of the jury, and by said pleas relies upon such trial and acquittal to bar the prosecution for the offense complained of in the indictment for burglary, grand larceny, etc., contained in the indictment in the instant case, wherein the alleged injured party is one Joe Sullivan. It also appears that the scene of the alleged robbery was some four or five miles distant from the place of the alleged burglary, and that said burglary was committed on the night preceding the day of the alleged robbery. These agreed facts and others of like import clearly disclosed two separate and distinct offenses, without analogy or connection, thus rendering inapt a plea which undertook to set up the trial for one of these offenses in bar of the other, even if the principals in the latter were the same as in the former, which they were not. The court properly so held.

In the absence of the court's oral charge and a bill of exceptions, the charges refused to defendant cannot be considered. This applies as well to the motion for a new trial.

From the case before us as shown by the record, nothing appears to effect a reversal of the judgment of conviction from which this appeal was taken.

If, as insisted by appellant, a statement was made by some witness, or even by the court, to the effect that the same person committed the two offenses referred to in this proceeding, such statement, by whoever made, was a mere conclusion and of no legal effect, and could have no bearing upon this trial.

Affirmed.