21 So.2d 122

**SLAYTON v. STATE.**

**7 Div. 818.**

Court of Appeals of Alabama.

Feb. 27, 1945.

Leonard Crawford, of Fort Payne, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Chas. M. Cooper, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant was convicted by a jury in DeKalb County Court on a charge of assault and battery, from which judgment of conviction this appeal is prosecuted.

A demand for a trial by jury was duly entered.

To the complaint defendant filed a special plea of former jeopardy, in which he alleged he had been tried and convicted for the same offense in the Mayor's Court in the City of Fort Payne for the violation of the State law. The State joined issue on this plea. Over the objection of appellant the court proceeded to hear the testimony in support of the issues thus formed without the aid of a jury. The lower court found in favor of the State on the special plea and entered judgment in conformity thereto.

The action of the trial court in denying appellant his claimed right to have a jury in the trial of the issue based on the contentions of former jeopardy is the only question on this appeal which merits our treatment. It is so conceded in brief by able counsel.

It is unquestionably the law that appellant's demand for a jury trial included a privilege to have his special plea also determined by the jury. The procedure is well defined by our appellate courts. Moss v. State, 16 Ala.App. 34, 75 So. 179; Parsons v. State, 179 Ala. 23, 60 So. 864.

A city or town may adopt an ordinance which makes municipal offenses of the violations of the misdemeanor statutes of the State. State v. Town of Springville, 220 Ala. 286, 125 So. 387; Casteel v. City of Decatur, 215 Ala. 4, 109 So. 571.

It was established by the introduction in evidence of the ordinance that such action had been taken by the City of Fort Payne.

■ The charge made against appellant in the Mayor's Court was based on a violation of a city ordinance. The affidavit and warrant of arrest, in the municipal court, so allege. It was proven, without conflict or any claim to the contrary, that appellant was fined on his plea of guilty in the Mayor's Court, and the offense there charged was based on the same facts which formed the ground of the prosecution in the lower court. This did not constitute a bar to the proceedings in the County Court. Ex parte Bell, 200 Ala. 364, 76 So. 1; Harris v. State, 128 Ala. 41, 29 So. 581.

■ This disclosure in the record clearly entitled the State to the affirmative charge in its favor on the plea of former jeopardy. We are convinced, therefore, that no substantial injury inured to appellant by the denial to have the jury determine the issues which were the foundation of the special plea. In this view we are supported by the following authorities: Title 15, Sec. 389, Code 1940; Johns v. State, 13 Ala.App. 283, 69 So. 259; Barber v. State, 151 Ala. 56, 43 So. 808. See also, Thomas v. State, 23 Ala.App. 438, 126 So. 610.

We find no errors in the record which were of injurious consequence to appellant. The case is due to be affirmed, and it is so ordered.

Affirmed.