104 So.2d 448

## Chester INMAN

### v.

### STATE.

### 8 Div. 185.

Court of Appeals of Alabama.

June 10, 1958.

Rehearing Denied June 24, 1958.

H. Neil Taylor, Russellville, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant has been convicted on a complaint charging assault and battery.

Upon the opening of the trial the defense counsel moved that an attachment issue for the witness Cluster Alverson.

The record shows that the defendant had requested a subpoena for the witness Alverson. Deputy Sheriff Patterson, of Franklin County, testified he had been unable to find Alverson, and was informed that Alverson had removed to Mississippi.

Defense counsel, in his motion for the attachment, also stated that the witness Alverson had departed the State of Alabama.

■ Under these circumstances the court properly refused the motion for the issuance of an attachment for the witness Alverson. Myers v. State, 19 Ala.App. 98, 95 So. 331.

Prior to joining issue on the complaint the defendant filed a plea of autrefois convict, and a plea in abatement alleging that a prosecution was pending in the Recorder's Court of the Town of Red Bay for the same offense for which the appellant was now being tried.

Issue was joined on the pleas.

■ The evidence presented by the defendant in support of each plea was of no probative value to sustain said pleas. On the other hand, that presented by the State, both testimonial and documentary, showed conclusively that the offense sought to be set up in the pleas was one of violating an ordinance of the Town of Red Bay, and not a State law.

The court overruled each plea.

■ Ordinarily, an issue of former jeopardy should be tried separately and in advance of the issue of not guilty, and the issue is for the jury. Parsons v. State, 179 Ala. 23, 60 So. 864.

However, where the evidence introduced shows without contradiction that the plea could not avail even had the issues been submitted to the jury, a defendant is not prejudiced in his substantial rights by the action of a court in denying such plea without submitting it to the jury. Shiflett v. State, 37 Ala.App. 300, 67 So.2d 284.

■ The evidence presented by the State was sufficient, if believed under the required rule to support the verdict and judgment. While the evidence presented by the defendant contradicts the State's evidence in its material aspects, this but presented a question of fact solely within the province of the jury to resolve.

■ In his brief counsel for appellant argues several rulings of the court relative to the admission of evidence presented by the State. The record shows that in all such instances no objection was interposed

until after the witness had answered the question. The objections were therefore too late. Butler v. Walton, 36 Ala.App. 319, 56 So.2d 369.

Affirmed.

### On Rehearing

HARWOOD, Presiding Judge.

In his brief on application for rehearing counsel for appellant complains that we did not write to the court's action in denying his motion to set aside the verdict made shortly after the jury returned its verdict of guilty.

In connection with this motion the appellant presented Cluster Alverson, the alleged assaulted party.

The Solicitor objected to Alverson as a witness on the grounds that he was not competent to testify.

On voir dire Alverson testified that he did not know how old he was; that he had never been to school much, as he had to go to work; that his work has been plowing, and first one thing and then another; that he knows that people who lie go to torment.

The court overruled the Solicitor's objection to Alverson as a witness.

On direct examination he testified that the appellant had not assaulted him as charged; that he did not receive a subpoena as a witness in this case though he saw Mr. Patterson when he was at Mrs. Wallace's.

In rebuttal Mr. Patterson denied he had seen Mr. Alverson when he served Mrs. Wallace, but that when he did try to find Mr. Alverson to serve him he was informed that "they got so rough they run him off."

The court denied the motion to set aside the verdict.

The court below saw and heard the witnesses presented on the hearing on the motion. The testimony of Alverson, if it be believed to the required extent, was negative, and merely cumulative of evidence offered by the defense at the trial. We would not be justified in concluding that the trial judge abused the sound discretion vested in him by the law in such matters. See numerous authorities cited in 7 Ala.Dig., Criminal Law, ⊕938(1), 941 (1).

Application overruled.