225 So.2d 198

**Lenwood CARROLL**

**v.**

**STATE.**

**4 Div. 657.**

Court of Appeals of Alabama.

Jan. 21, 1969.

Rehearing Denied Feb. 18, 1969.

Jas. M. Prestwood and Griffin Sikes, Andalusia, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was indicted by the Grand Jury of Covington County, Alabama for the offense of transporting prohibited liquor. After pleading not guilty, he was tried by a jury, found guilty as charged and sentenced by the court to a term of two years in the penitentiary.

Deputy Sheriff Arell Berry testified that on the afternoon of February 20, 1967, he saw the appellant at his home. Berry's testimony was in part as follows:

"Q. Tell us what happened when you saw him there? What you were doing and what he was doing and everything?

"A. Well, I saw the tractor coming through the field. I had pulled up there and stopped, waiting for him to come on out, wanted to talk with him, and he got in thirty-one steps of me, stopped; he raised up, stood up on the runningboard of it, and when he discovered it was me, he just knocked it out of gear and left the tractor running and jumped off and run.

"MR. PRESTWOOD: We move to exclude that statement 'when he discovered that was him.'

"THE COURT: Overruled.

"Q. Just tell exactly what you saw and what you heard?

"A. Well, that was what I saw, when he jumped off and run.

\* \* \* \* \* \*

"Q. What did you do then?

"A. I went on out to the tractor.

"Q. You got out of your car?

"A. Yes, sir.

"Q. And you went out in the field?

"A. I went to the tractor.

"Q. What, if anything, did you find out there?

"A. Seen some five-gallon—I don't know whether you call them jugs or cans or what—they are plastic, built sort of like these army water cans or gasoline cans, except they were plastic. I taken the top off of several of them and smelled

**94**

of it. It smelled like moonshine whiskey to me. * * *"

On cross-examination of Berry the following colloquy occurred:

"Q. You say Mr. Carroll had on a pair of rubber boots?

"A. Yes, sir.

"Q. And you didn't try to catch him?

"A. No, sir, I didn't try to catch him.

"Q. You didn't think you could out run him with a pair of rubber boots on?

"A. No, sir; I had run Mr. Carroll one time.

"Q. Never mind that, I'm talking about with rubber boots on?

"A. You asked me if I figured I could catch him.

"MR. PRESTWOOD: If the Court please, we move that a mistrial be declared in light of what this witness has just said.

"MR. COOK: That was in response to his own question.

"MR. SIKES: It was not in response.

"THE COURT: Overruled.

"MR. SIKES: We except."

Appellant contends in brief that the testimony of the witness as set out hereinabove was so prejudicial as to be ineradicable from the minds of the jury and that it was error for the trial court to refuse to order a mistrial and to overrule the motion for a new trial.

■ The motion to exclude the statement, "when he discovered it was me," made by Sheriff Berry was properly overruled as the witness was testifying as to what he observed.

■ The statement by the witness as to the fact that he didn't think he could outrun the appellant was in response to the question asked by counsel for the appellant.

■ The additional volunteered statement that, "I had run Mr. Carroll one time", was improper. However, we are of the opinion that this statement was not ineradicable. Thomas v. Ware, 44 Ala.App. 157, 204 So.2d 501. Thus, had a timely motion to exclude the statement been made, such motion should have been granted. However, no motion to exclude was made. In the absence of such motion by appellant, the court was under no duty to do so ex mero motu. As the statement was eradicable, the trial judge correctly overruled the motion for a mistrial. Tit. 30, Sec. 100, Code of Ala., 1940. Thomas v. Ware, supra.

We, therefore, conclude that the appellant was not unduly prejudiced by the volunteered testimony of the witness.

Having made a diligent search of the record and finding no error therein, we are of the opinion that the judgment in this cause is due to be and the same is hereby

Affirmed.

CATES, J., concurs in the result. Sup. Ct. Rule 45.