264 So.2d 210

**Robert RUTHERFORD, alias**

v.

**STATE.**

**5 Div. 65.**

Court of Criminal Appeals of Alabama.

May 9, 1972.

Rehearing Denied May 30, 1972.

John S. Glenn, Opelika, for appellant.

**290**

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

TYSON, Judge.

The appellant, Robert Rutherford, was indicted for burglary in the second degree. Verdict and judgment resulted in sentence of six years imprisonment.

A cabin belonging to Louis W. Phillips, located on the backwater of the Chattahoochee River in Lee County, was broken into on the night of August 17, 1970, and some articles, including a radio and floor sweeper, were stolen. The same night State's witness J. D. Jones heard a noise at a neighboring cabin, which sounded like "somebody with an axe or hammer or something hitting a wall." He saw a Ford automobile with a loud muffler, "Every time it would go to change gears, the muffler would get loud like the transmission was tore up in it." This was the second time that night he had heard the automobile at that cabin. Before leaving home the witness had given his wife the sheriff's telephone number and she was standing at the phone when he left.

Deputy Sheriff John Estes testified that shortly after midnight August 17–18, 1970, he and another officer were patrolling Highway 37 in Lee County when they received a call from the sheriff's office with the description of a certain automobile. As a result of said call he drove to the area of the Phillips cabin and stopped an automobile of the same description as the one which had been reported to him. The car was coming out of a side road from the cabin into the dirt road. The witness stated: "As the car got almost right in the road I pulled up close to the car and

turned my blue light on; I got out and came around to the driver's side of the car, and I shined my flashlight into the car as I walked up. Mr. Youngblood was sitting in the rear seat and there was a lamp laying on the seat beside him, a radio and articles of clothing." The automobile was not searched. Two women and a man were in the front seat. The driver said they had permission to be in the cabin. Witness radioed the sheriff's office to call the owner of the cabin in Phenix City to see if they had permission but was unable to get him. He then told the four they would have to come to the sheriff's office while they checked the story out. They were placed under arrest at the jail. The automobile belonged to Mrs. Mary Renfroe, and she was driving it at the time.

The witness turned the radio over to Deputy Watkins who testified he showed it to Louis W. Phillips. Mr. Phillips testified the radio belonged to him and was the radio that was in his cabin.

When the State had rested its case, defense counsel moved to exclude the evidence on the grounds, (1) that the evidence was seized as the result of an illegal arrest, and (2) "that the evidence of stolen property of the complainant, Mr. Louis W. Phillips, was improperly admitted to the attention of the jury, consisting of a radio and some pillows, an outboard motor, and two rods and reels" which the appellant contends was the result of an illegal search and seizure. The motion was overruled.

## I

██ The radio message to the officers concerning the activity at the cabin was sufficient to justify the stopping of the automobile. Spurlin v. State, 46 Ala.App. 485, 243 So.2d 758. The articles introduced in evidence were exposed to plain view and were not seized as the result of a search. Sheridan v. State, 43 Ala.App. 239, 187 So. 2d 294; Vincent v. State, 284 Ala. 242, 224 So.2d 601.

## II

██ During the examination of Louis W. Phillips, the following occurred which resulted in appellant's motion for a mistrial.

"Q Did you go up—what did you find when you arrived at your cabin?

"A I found two plate glass windows knocked out of my trailer, they are built in a frame. Apparently they didn't get in the trailer because the screens were bent up but not torn.

"MR. GLENN: We object to apparently.

"THE COURT: Sustained as to apparently.

"A On my cabin part of the place the hasp was torn off the door, the aforementioned radio, floor sweeper and pillows were missing. They might have been other items but I didn't know about them.

"THE COURT: Were they in the cabin or the trailer?

"A They were in the cabin.

"THE COURT: In the cabin?

"A They did not get in the trailer. If they had, they would have gotten a T.V.

"THE COURT: I see.

"MR. GLENN: We object to what they would have done if they had gotten in the—

"THE COURT: Sustained.

"MR. GLENN: Move that be excluded.

"THE COURT: That's excluded.

"A Well, Judge, if you will excuse this remark, sir, we're sick and tired of it up there.

"THE COURT: Yes, sir, I know.

"MR. GLENN: If it please the Court—

"THE COURT: That's excluded.

"A That's excluded.

"THE COURT: Just a minute, Mr. Phillips.

"MR. GLENN: If it please the Court.

"A I'm sorry. I apologize.

"THE COURT: Just a minute. Don't add anything. You're liable to cause me to have a mistrial here—

"A Yes, sir.

"THE COURT:—and have to throw it all out of Court.

"A Yes, sir, I'm sorry.

"THE COURT: Don't add anything, just answer the questions.

"A Yes, sir.

"MR. GLENN: May it please the Court. The Defendant at this time, does move for a mistrial on account of what the Defendant considers prejudicial remarks of Mr. Phillips. And we don't think that the Court's instructions to the jury will be sufficient to erase the prejudice done by Mr. Phillips' statement, from the mind of the jury.

"THE COURT: The motion for a mistrial is respectfully overruled and the jury is cautioned just as strongly as I can and instructed just as strongly as I can to disregard Mr. Phillips' statement that we're sick and tired about all these burglaries up there."

In Shadle v. State, 280 Ala. 379, 194 So.2d 538, our Supreme Court stated that:

"[It] is well recognized that the granting of a mistrial is within the sound discretion of the trial court, for he, being present, is in a much better position to determine what effect, if any, some occurrence may have upon the jury's ability to decide the defendant's fate fairly and justly. And we will not interfere with the trial judge unless there had been a clear abuse of discretion."

In view of the emphatic instructions of the able trial judge, we do not believe that an abuse of discretion has been here shown. Franks v. State, 45 Ala.App. 88, 224 So.2d 924; Carroll v. State, 45 Ala.App. 92, 225 So.2d 198, cert. denied 284 Ala. 727, 225 So.2d 200.

### III

Appellant's counsel objected to the introduction of a statement given by the appellant to the investigating officers because he was arrested and charged at 4:00 in the morning and was not advised of his *Miranda* rights until approximately 3:00 that afternoon.

The record in the case at bar clearly shows that the appellant was properly advised by Lt. Jerry Popwell of his *Miranda* rights prior to any questioning. Further, the conversation took place in the office of the sheriff at about 3:00 in the afternoon. Deputy Watkins was the only other person present at this time. The record reflects that this was the first time that the appellant was interrogated after being placed in custody.

The Alabama Supreme Court in Truex v. State, 282 Ala. 191, 210 So.2d 424, defined "custodial interrogation" as follows:

" '* * * [W]e mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.' "

█ Though approximately eleven hours elapsed between time of arrest and the *Miranda* warnings, there had been no attempt to interrogate the appellant during

 

this interval. There also had been no request for counsel or request by counsel to see the appellant. In fact, the appellant signed a "waiver of counsel" at this time. Therefore, we do not regard this time lapse, standing alone, to render inadmissible appellant's subsequent statements after proper warnings.

We are of the opinion, therefore, that the appellant's rights were here carefully observed by the officers and the statement was properly admitted in evidence.

IV

 The Court charged the jury, "The unexplained recent possession of stolen property by the defendant alone is a fact from which the jury may infer guilt, and that whether there is sufficient evidence of guilt is for the determination of the jury."

The defendant reserved an exception to "that portion of the court's charge wherein the court said in substance, 'The unexplained possession of stolen property by the defendant alone is sufficient evidence from which you may infer guilt.' Those may not be the words, but in substance, and we except to that."

By the court:

"Well I don't remember the exact words I put it in, but I did say this that the unexplained possession of recently stolen goods is a fact from which the jury could infer guilt and that whether there is sufficient evidence of guilt is for the determination of the jury, and I cite the case of Graham v. State, [Ala.App.] 216 So.2d 298, cert. denied, [283 Ala. 714] 216 So.2d 302."

The language in the case cited by the trial court, Graham v. State, 44 Ala.App. 554, 216 So.2d 298, certiorari denied, 283 Ala. 714, 216 So.2d 302, supports the court's ruling. Youngblood v. State, 47 Ala.App. 571, 258 So.2d 913.

The cause is due to be and hereby is affirmed.

Affirmed.

PRICE, P. J., and ALMON and CATES, JJ., concur.