270 So.2d 678

**Robert RUTHERFORD, alias**

**v.**

**STATE.**

**5 Div. 66.**

Court of Criminal Appeals of Alabama.

Oct. 10, 1972.

Rehearing Denied Nov. 14, 1972.

John S. Glenn, Opelika, for appellant.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

TYSON, Judge.

Appellant, Robert Rutherford, was indicted for grand larceny of one Scott-Atwater outboard motor, the property of Louis W. Phillips. From a verdict of guilty, judgment fixed punishment at six years imprisonment.

The appellant filed a plea of autre fois convict in addition to his plea of not guilty. The plea of former conviction alleged the trial and conviction the previous day for second degree burglary, which cause has now been affirmed by this Court and reported as Rutherford v. State, 48 Ala.App. 289, 264 So.2d 210, cert. denied 288 Ala. 750, 264 So.2d 214.

■ A plea of former jeopardy is unavailing unless the offense presently charged is precisely the same in law and fact as the former one relied on under the plea. Blevins v. State, 20 Ala.App. 229, 101 So. 478, cert. denied Ex parte Blevins, 211 Ala. 615, 101 So. 482; Smith v. State, 34 Ala.App. 45, 38 So.2d 341, cert. denied 251 Ala. 559, 38 So.2d 347; Smith v. State, 256 Ala. 444, 55 So.2d 208.

■ In the present cause the indictment charges the appellant with the grand larceny of one Scott-Atwater outboard motor of the value of $60.00, personal property of Louis W. Phillips. Proof on trial established that this was taken from the boathouse of Mr. Phillips, located on the backwaters of the Chattahochee River in Lee County, Alabama, on the night of August 17–18, 1970. The prior conviction sought to be plead in the present cause in bar was for the breaking and entering of a cabin belonging to the same Louis W. Phillips on the same night in question. The trial court, in our opinion, correctly struck this plea as the offense relied upon was not the same in law and fact. Gordon v. State, 71 Ala. 315; Christison v. State, 273 Ala. 1, 142 So.2d 663; Thomas v. State, 23 Ala.App. 438, 126 So. 610; Smith v. State, 256 Ala. 444, 55 So.2d 208.

■ The prohibition against double punishment contained in Title 15, Section 287, Code of Alabama 1940, Recompiled 1958, for the same act or omission should be applied in cases of burglary and grand larceny only where the uncontradicted evidence of the completed act of larceny stands alone to support the allegation of the appellant's intent when he entered the premises into which he had broken. Wildman v. State, 42 Ala.App. 357, 165 So.2d 396.

In the former case, Rutherford v. State, 48 Ala.App. 289, 264 So.2d 210, cert. denied 288 Ala. 750, 264 So.2d 214, the burglary involved the breaking and entering into the dwelling house, or cabin, and the taking of items therefrom, whereas the larceny involved in the case at bar arose by virtue of the taking of a boat motor from the boathouse on the premises. Clearly therefore, the trial court's ruling was correct.

The facts and circumstances involved and other matters presented on trial and rulings thereon were substantially the same as those set forth and discussed in our opinion reported as Rutherford v. State, supra, and need not here be repeated.

Mindful of our duty, we have carefully examined the record in the case at bar and find same to be free from error. The cause is due to be and the same is hereby

Affirmed.

All the Judges concur.