Appellant was convicted of kidnapping, in violation of Code of Alabama 1940, Tit. 14, § 6, which provides:
 "Any person who forcibly or unlawfully confines, inveigles, or entices away another, with intent to cause him to be secretly confined, or imprisoned against his will, or to be sent out of the state against his will, shall, on conviction, be imprisoned in the penitentiary for not less than two nor more than ten years."
He was sentenced to imprisonment for ten years.
Upon arraignment, defendant entered a plea of not guilty and a plea of not guilty by reason of insanity. Thereafter, the day before the trial commenced, he filed a plea of autrefois convict, to which the State filed a demurrer, which was sustained by the court.
In their briefs, the parties recognize that the evidence relative to the question of defendant's guilt, as well as any question as to former jeopardy raised by his plea of autrefois convict, needs no lengthy recitation. It is summarized in a one-page Statement of Facts of appellant, accepted by appellee, which we paraphrase, chiefly for the sake of anonymity of the unfortunate victim, a young married woman residing in Montgomery, who was unknown to defendant.
On Sunday morning, September 14, 1975, the victim, while on her way to Sunday School, stopped at the Dalraida Shopping Center to mail some letters. Upon returning to her automobile, which she had left with the motor running, defendant forced her at gun point to allow him to get in the automobile with her and permit him to drive the automobile away. In leaving the shopping center area, defendant asked her if she had any money; when she responded in the affirmative, he made her give the money to him. The defendant then drove the automobile with the victim therein to the area of Mt. Meigs, where the car was stopped and the two remained therein for a while. While the car was there stopped, defendant took the victim's watch. She managed to get out of the car *Page 522 
in an effort to escape defendant, but he caught her and brought her back to the automobile. Later, they left and drove to Atlanta, Georgia, where defendant told her he was going to release her, but he did not release her. He returned with her toward Montgomery, reached Mt. Meigs again, left the Interstate, and ended up in a nearby wooded area in Macon County where defendant strangled and beat the victim, leaving her there and driving therefrom in her automobile to Montgomery where he was subsequently apprehended.
Prior to appellant's trial in the case under review, he was tried and convicted of robbery and of assault with intent to ravish the same victim, as charged in two separate indictments and in two separate cases.[1]
Appellee correctly adds to appellant's Statement of Facts, that while defendant and the victim were parked in the Mt. Meigs area, he told her that he was waiting for some friends who were intending to escape from the Mt. Meigs Industrial School; he told the victim to take off her clothes. She told him that she had to get out of the car in order to undress, and when she got out of the car, she ran off into the woods, but defendant caught her and forced her back into the automobile. The victim attempted to let someone know that she was in trouble, but defendant prevented every effort. He had his gun all the time and forced the victim to accompany him around Underground Atlanta. After they returned to the Mt. Meigs area and had driven into Macon County and parked, defendant pulled a knife and held it at the victim's throat, strangled her with her belt, beat her in the head and neck, kicked her in the stomach and left her unconscious, about dark Sunday afternoon. On Monday afternoon, she regained consciousness, crawled to the highway, and stopped a passerby, who took her to the emergency room of a hospital in Tuskegee.
When defendant was apprehended at Eastbrook Shopping Center in Montgomery on September 15, 1975, he had the victim's watch in his wallet and some pictures of the victim and her former roommate. The victim's automobile was found at the shopping center. The officers went to the area where the victim had been left by defendant and there found her belt, her Social Security card, pictures belonging to her which she had carried in her purse, and her automobile warranty book. Near the shopping center where defendant was apprehended, the officers found an automatic pistol, a clip, a blue jean jacket, and a multicolored headband. He had a knife in his pocket at the time of his apprehension.
Defendant did not testify in the case, and no evidence was offered in his behalf.
Appellant insists that the court was in error in sustaining the State's demurrer to defendant's plea of autrefois convict. The plea was substantially in Code form. Code of Alabama 1940, Tit. 15, § 288, Form 5. If the question whether there was prejudicial error committed in the sustention of the demurrer to the indictment depends solely on the question of the sufficiency of the plea, we would be at a loss to uphold the court's ruling in this respect. However, it is to be noted that, in addition to the plea, defendant filed an affidavit wherein he purported to set forth the facts upon which he relied in support of his plea. The affidavit, although in some respects in conflict with some of the evidence, purports to be a condensation of the testimony summarized above.
In Inman v. State, 39 Ala. App. 496, 104 So.2d 448 (1958), it was held:
 "Ordinarily, an issue of former jeopardy should be tried separately and in advance of the issue of not guilty, and the issue is for the jury. Parsons v. State, 179 Ala. 23, 60 So. 864.
 "However, where the evidence introduced shows without contradiction that the plea could not avail even had the issues been submitted to the jury, a defendant is not prejudiced in his substantial rights by the action of a court in *Page 523 
denying such plea without submitting it to the jury. Shiflett v. State, 37 Ala. App. 300, 67 So.2d 284."
No prejudicial error occurs in a trial court's failure to try, and have a jury determine, a plea of former jeopardy prior to trial of the case in chief, if and when the record shows affirmatively, and without dispute, that there was no former jeopardy. Mikell v. State, 242 Ala. 298, 5 So.2d 825 (1941);Kilpatrick v. State, 46 Ala. App. 290, 241 So.2d 132 (1970).
Whether a seizure or detention for the purpose of committing rape, robbery, or similar offense is a separate crime from kidnapping when committed during the course of the kidnapping has received voluminous consideration. Annot., 17 A.L.R.2d 1003, Kidnapping as Separate Crime; Annot., 43 A.L.R.3d 699,Kidnapping — Asportation for other Crime. As shown by the array of authorities cited, many convictions for kidnapping as a separate crime from the other mentioned crimes committed in the course of the kidnapping have been upheld. In others they have not. It is to be noted that in most of the cases in which the convictions were not upheld, the period of confinement or detention was little longer than that necessary for the perpetration of the other crime or crimes. Furthermore, in some of such cases the crime of kidnapping involved was different materially from the crime defined by statute in the case now under review. A valuable aid to an understanding of the crime of kidnapping for which appellant was tried is Judge Bookout's opinion in Ball v. State, 335 So.2d 230 (Ala.Cr.App. 1976). In therein reversing the trial court, it was made clear that in kidnapping under Tit. 14, § 6, Code of Alabama 1940, more is necessarily involved than the unlawful detention or seizure of the body of another that is often involved in an assault, an assault and battery, rape, or robbery. It is not a mere false imprisonment. There must be "an intent to secretly confine or imprison."
In the instant case, the indictment followed the statute in charging that the conduct of defendant was "with intent to cause [the victim] to be secretly confined, or imprisoned against her will." The trial court orally charged the jury that in order for defendant to be guilty of the crime charged, his conduct must have been "with the intent to cause [the victim] to be secretly confined or imprisoned against her will."
There was abundant evidence to support a finding that forcible conduct of defendant as directed toward his victim was with the intent to cause her to be secretly confined or imprisoned. For a period of approximately eight or nine hours, he gave her no chance to make known her distress or location to others. His constant conduct was directed toward her secret confinement. Though he at times had other intentions, the intention to rob and the intention to ravish, they were not preclusive of the intention to confine her secretly. Her secret confinement may have been necessary for a short time in order for defendant to have robbed her of her money and her automobile, but after defendant had taken her money at the point of a gun and in like manner had obtained control of the automobile, her secret confinement was no longer a part of that crime. When he assaulted her with the intent to ravish, his need for her secret confinement for the purpose of that crime ended with its commission.
Whatever the relation between kidnapping and some other crime while both crimes are being committed, kidnapping is separate and apart from the other crime after the other crime has becomefait accompli.
Appellant relies upon a statement in Gandy v. State,42 Ala. App. 215, 159 So.2d 71, 72, as follows:
 "The test of former jeopardy is whether the evidence necessary to sustain the second indictment would have been sufficient to secure a legal conviction on the first."
In applying the quoted test, we find that the evidence necessary to sustain the indictment herein would not have been sufficient to secure a legal conviction in either of the other cases forming a basis for the plea of *Page 524 
autrefois convict. Although the evidence presented in the case under consideration included some incidents of the other two crimes, such evidence was not necessary to sustain appellant's conviction in this case. Furthermore, appellant could have well been convicted of each of the other two crimes without any evidence other than the testimony as to the facts thereof and the immediately surrounding circumstances.
As in many of the cases in which the courts have struggled with the question whether kidnapping is a separate crime from other crimes, such as rape and robbery, the guilt vel non of appellant of kidnapping turns on the same considerations essential to a determination of the validity of his plea of former jeopardy.
The crimes of robbery and assault with intent to ravish for which appellant was convicted were separate and apart from, as distinct legal crimes, the crime of kidnapping as charged in this case, and the action of the trial court in sustaining the State's demurrer to defendant's plea of autrefois convict was without prejudice to defendant.
We have searched the record for error prejudicial to defendant and have found none. The judgment appealed from should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge Leigh M. Clark serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment is hereby
AFFIRMED.
All the Judges concur.
[1] The record indicates that defendant was also tried and convicted of rape of the same victim in Macon County, but this conviction does not form a part of the plea of autrefois convict.