This is an appeal from a conviction in the Circuit Court of Jefferson County for a violation of Article XXV, Section 3, of the *Page 520 
Zoning Regulations of the General City Code of the City of Birmingham, Alabama, concerning nonconforming uses. A jury assessed a fine of twenty-five dollars against the appellant and the trial judge imposed an additional sentence of sixty days hard labor.
 I
Initially the appellant contends that he was tried on his appeal in the Circuit Court on a charge different from the one on which he was convicted in the Recorder's Court. Therefore, he argues, the Circuit Court was without jurisdiction.
We find this contention unsupported by the facts before this Court. The appellant was initially charged by an affidavit of complaint issued in the Recorder's Court and citing a violation of Article XXV, Section 4, of the city zoning ordinance.[1] At a hearing on the very issue now under review, both the city prosecutor and the municipal judge testified that the appellant was actually tried in Recorder's Court on an amended complaint charging a violation of Section 3 of the same code.[2]
While the appellant alleges that the judgment entry of the Recorder's Court discloses that he was tried on Section 4, the trial judge specifically found, after hearing evidence on this matter, that regardless of what the judgment entry showed, the appellant was actually tried, convicted, and sentenced under Section 3. The judgment entry is not before this court on appeal. From the record before us and the findings of the trial judge, which are amply supported by the facts, the appellant was tried on the same charge in both the Recorder's Court and the Circuit Court. The jurisdiction of the Circuit Court is therefore beyond question.
 II
The appellant asserts that the action of the Circuit Court trial judge in declaring a mistrial because of the weather was without authority of law.
The bench notes of the Circuit Judge reflect the following.
 "January 19, 1978. Motion to strike Complaint and Demurrer overruled. Jury struck, sworn, nonsequestered and Defendant pleads not guilty. Cole, J.
 "January 23, 1978. This case was partially in completion 1/19/78 when we adjourned for the day. Overnight and next day snow and ice developed and Court adjourned that day and next day, and everything was closed Friday and Saturday. Returning today only 3 Jurors came in and all rest unaccounted for or called in but not to come in. It is a manifest necessity that a mistrial be declared, a retrial is not precluded and the case is set at the top of the Docket for February 21, 1978. Cole, J."
In overruling the plea of former jeopardy based on this discharge, the judgment entry of the trial court states:
 "This the 21st day of February, 1978, came Rowena Crocker, Assistant City Attorney, who prosecutes for the City of Birmingham, and also came the defendant in his own person and by his attorney, William Conway, defendant files Plea of Former Jeopardy and same being duly considered and it appearing to the Court that defendant failed to appear when snow fell on January 19th and 20th, 1978, it is therefore ordered, adjudged and decreed by the Court that Plea of Former Jeopardy be and same is hereby overruled." *Page 521 
Section 9 of the Alabama Constitution of 1901 provides
 "That no person shall, for the same offense, be twice put in jeopardy of life or limb; but courts may, for reasons fixed by law, discharge juries from the consideration of any case, and no person shall gain an advantage by reason of such discharge of the jury."
The reasons fixed by law for the discharge of juries are set forth in Section 12-16-233, Code of Alabama 1975. The trial judge may discharge the jury and declare a mistrial when
 "in the opinion of the court or judge, there is a manifest necessity for the discharge or when the ends of justice would otherwise be defeated." Section 12-16-233, Code.
Thus the statute fixes the reasons for a discharge and wisely leaves it to the opinion or discretion of the trial judge to determine whether a reason really exists. Andrews v. State,174 Ala. 11, 56 So. 998 (1911); Brewer v. State, 24 Ala. App. 410,137 So. 454 (1931). While the trial judge may not fix the reason for the discharge, he is authorized to determine whether the reason as fixed by law actually exists. Andrews, supra.
 "Examples of proper manifest necessity have arisen from: illness of prisoners, jurors, judges . . .; death of a juror, the judge or a near relative of either; tardily disclosed disqualification of a juror not consented to; misconduct of a juror or bailiff; mental incapacity or intoxication of a juror. (citations omitted)." Parham v. State, 47 Ala. App. 76, 79, 250 So.2d 613, 615 (1971).
We think Section 12-16-233 must function in light of the practical aspects of the trial court. Time and time again the courts have refused to formulate rigid or mechanical rules governing the circumstances under which a trial judge may declare a mistrial without giving rise to a defense of double jeopardy. Illinois v. Somerville, 410 U.S. 458, 93 S.Ct. 1066,35 L.Ed.2d 425 (1973); Wade v. Hunter, 336 U.S. 684,69 S.Ct. 834, 93 L.Ed. 974 (1949); United States v. Perez, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824). The very vagueness of the manifest necessity and ends of justice formulation, while maintaining the variety of the test, necessarily makes application imprecise. United States v. Grasso, 552 F.2d 46, 51
(2nd Cir. 1977). Virtually all double jeopardy cases turn on the particular facts. Illinois v. Somerville, supra.
In our opinion the argument advanced by the City has merit. The issues before the trial court concerned a zoning violation — a somewhat complicated matter which required the application of technical terms and definitions to conflicting facts. The record itself best demonstrates the confusion which arose during the trial over the terms "nonconforming" and "nonconforming use". In order to render a fair verdict it was necessary that the jury have a clear and accurate understanding of these terms. An unexpected and unavoidable four day break in the appellant's trial may very well have clouded that understanding.
The legal reasons for the granting of a mistrial are not aimed at giving any party an advantage. The function of the measure is not to aid the accused or hinder the city, but rather to afford the accused a fair trial and accomplish the ends of justice. Under the circumstances enumerated in the bench notes and judgment entry it was within the proper discretion of the trial judge to determine that the severe weather conditions and the absence of the jury created a case of manifest necessity for the discharge.
 III
The appellant claims that it was error for the trial judge to deny his plea of former jeopardy without submitting the issue to a jury.
The general rule is that the accused is entitled to a jury trial on the issues of fact raised by his plea of former jeopardy. Inman v. State, 39 Ala. App. 496, 104 So.2d 448
(1958); Lovejoy v. State, 32 Ala. App. 110, 22 So.2d 532, cert. denied, 247 Ala. 48, 22 So.2d 537 (1945); Slayton v. State,31 Ala. App. 622, 21 So.2d 122 (1945); Evans v. State, 24 Ala. App. 390,135 So. 647 (1931). *Page 522 
Ordinarily it is the duty of the court to hear evidence on a plea of former jeopardy and submit the same to the jury; and the jury must find whether or not the plea is true in advance of the issue of not guilty. Kilpatrick v. State, 46 Ala. App. 290, 241 So.2d 132 (1970). It is not for the court to decide in advance that a plea sufficient on its face cannot be established and, if the facts set forth are sufficient in law, it is error for the court to strike or overrule it on motion of the prosecution, or on its own motion, without giving the accused an opportunity to submit his evidence in support thereof. Berland v. City of Birmingham, 36 Ala. App. 488,60 So.2d 377, cert. denied, 257 Ala. 571, 60 So.2d 378 (1952);Jackson v. State, 340 So.2d 1141 (Ala.Cr.App.), cert. denied,340 So.2d 1142 (Ala. 1976).
 "When a plea is regularly interposed it is subject to either a demurrer or motion to strike, and if neither is interposed issue must be taken on the plea. A court is without authority to overrule such plea without giving the party interposing the plea an opportunity to submit his evidence in support thereof."
Berland, 36 Ala. App. 489, 60 So.2d 378. Generally the court cannot of its own motion overrule a plea of former jeopardy for a defect therein, or on facts within the personal knowledge of the judge, no demurrer, motion, or pleading being interposed thereto and no evidence produced. Coburn v. State, 151 Ala. 100,44 So. 58 (1907); Evans v. State, 24 Ala. App. 390,135 So. 647 (1931). Yet in overruling a plea of former jeopardy without a jury, the trial court may take judicial cognizance of its own records. Shiflett v. State, 37 Ala. App. 300, 67 So.2d 284
(1953).
However where the issue presented by the plea is only a matter of law, the judge need not submit that issue to the jury.
 "When the plea on its face shows that the question raised by it is a matter of law and not of fact, as where the facts are admitted and only a question of law remains, . . ., it is a question for the court alone, which should pass on the question of law properly presented and either sustain the plea and discharge accused or overrule the plea and place him on trial on the merits."
22 C.J.S. Criminal Law § 446b.
Whether the plea raises a question of fact or a question of law depends on the circumstances of the particular case. Thomas v.State, 23 Ala. App. 438, 126 So. 610 (1930).
The plea of former jeopardy based on the granting of a mistrial may present a factual issue where the facts out of which the legal necessity arose are disputed. Thus under certain conditions, the accused is entitled to a determination by the jury of an issue of whether the court improperly or prematurely discharged the jury. Yantis v. State, 95 Tex.Crim. 541,255 S.W. 180 (1923); State v. Thompson, 58 Utah 291,199 P. 161 (1921); Chadwick v. State, 86 Tex.Crim. R.,216 S.W. 397 (1919). Yet, even where the issue is submitted to a jury, the court may charge the jury that the plea is not sustained by the proof when that is a fact, and where the facts are not controverted the court has the authority to direct a verdict for or against the state as the case may require. Brown v.State, 209 Ala. 490, 96 So. 475 (1923); Parsons v. State,179 Ala. 23, 60 So. 864 (1913); Blevins v. State, 20 Ala. App. 229,101 So. 478, cert. denied, 211 Ala. 615, 101 So. 482 (1924).
In declaring the mistrial
 "The judge must determine the existence of the facts, but when they are ascertained, the law determines whether they constitute a case for necessity. Therefore, the judge ascertains the death or sudden illness of a juror, — the law pronounces this a case of necessity, that the jury shall be discharged."
Ned v. State, 7 Port. 187, 210 (1838).
 "(A)lthough the judge determines the existence of facts, yet, when they are ascertained, the law determines whether they constitute a case of necessity."
McCauley v. State, 26 Ala. 135, 138 (1855).
In his plea of former jeopardy the appellant maintains that the mistrial was an "unauthorized discharge" of the jury. In his brief on appeal he argues that severe *Page 523 
weather conditions do not constitute a case of necessity. There appears to be no dispute over the facts. We think this is a legal question and one which the trial judge properly decided without the aid of a jury. Moreover, when the evidence shows without contradiction that the plea could not avail even had the issues been submitted to the jury the defendant is not prejudiced in the denial of the plea without submission. Inmanv. State, 39 Ala. App. 496, 104 So.2d 448 (1958). Under these principles, the failure of the trial judge to submit the plea of former jeopardy to a jury was not error.
 IV
The appellant's request for the affirmative charge was properly denied. The state's evidence fully supports a finding by the jury that the appellant unlawfully enlarged, extended, reconstructed, or structurally altered a structure or premise occupied by a nonconforming use in violation of Article XXV, § 3, of the Birmingham City Code. Under the evidence the jury would be amply justified in finding that the appellant not only violated the zoning ordinance with the full knowledge that his actions were prohibited by law but that he knowingly deceived the county officials into granting him a building permit. Where evidence is presented which would sustain a verdict against the defendant, the affirmative charge is properly refused. Russo v.State, 236 Ala. 155, 181 So. 502 (1938); Oatsvall v. State,57 Ala. App. 240, 327 So.2d 735, cert. denied, 295 Ala. 414,327 So.2d 740 (1976).
The appellant's requested charges "Y" and "Z" are erroneous and misleading and were therefore properly refused. By ordinance, a nonconforming use is defined as
 "The use of any building or land which was lawful at the time of passage of this ordinance, or amendment thereto, but which use does not conform, after passage of this ordinance or amendment thereto, with the use regulations of the district in which it is situated."
 Article II, § 1 (35), Code of the City of Birmingham 1964.
The spirit and intention of the zoning laws is to restrict any increase of any nonconforming use. Fulford v. Board ofZoning Adjustment of City of Dothan, 256 Ala. 336, 54 So.2d 580
(1951); Moore v. Pettus, 260 Ala. 616, 71 So.2d 814 (1954).
 "The objective is the gradual elimination of the nonconforming use by obsolescence or destruction by fire or the elements. Given the objective of zoning to eliminate nonconforming uses, courts generally follow a strict policy against their extension or enlargement."
Moore, 260 Ala. 627, 71 So.2d 823.
Charge "Y" concerns the functional use of the building and instructs the jury to find the defendant not guilty if they believe that "the defendant has not changed the character of this use by reason of the addition to the original building". This charge has absolutely nothing whatsoever to do with the prosecution and charge against the appellant. He was charged with the enlargement or extension of the structure or premises occupied by a nonconforming use. The character of the nonconforming use has no significance in determining a violation of Article XXV, § 3. The appellant was not charged with an enlargement or extension of the use itself.
Requested charge "Z" stating that the jury should find the defendant not guilty if they believed that "the addition to the original building conforms to the same operation of defendant's business, that is, sale of merchandise authorized by the City of Birmingham" is clearly an erroneous and incorrect statement of the law.
Section 3 of Article XXV expressly prohibits the enlargement or extension of any structure (or premises) occupied by a nonconforming use for any reason except where necessary for compliance with minimum standards of health and safety or unless the use is changed to a conforming use. The intent of Section 3 is patently designed to prevent any increase, extension, or enlargement of any structure occupied by a nonconforming use. *Page 524 
In our determination and disposition of this cause we have been aided by the excellent brief filed by the City attorney. We have searched the record for error and finding none, affirm the judgment of the trial court.
AFFIRMED.
All Judges concur.
[1] Sec. 4. Enlargement, etc., of nonconforming use. No nonconforming use shall be enlarged, extended or expanded unless such use is changed to a use which conforms to the use regulations of the district in which such use is located.
[2] Sec. 3. Enlargement, etc., of structure or premises. No structure or premises occupied by a nonconforming use shall be enlarged, extended, reconstructed or structurally altered, unless such use is changed to a use which conforms to the use regulations of the district in which such structure or premises is located; provided, however, that a structure or premises may be physically enlarged, extended, reconstructed or structurally altered to the extent necessary for compliance with any existing and applicable law or ordinance specifying minimum standards of health or safety.