TYSON, Judge.
Ezekiel Poole was charged with the intent to commit the crime of assault in the first degree by attempting to commit this same offense,[1] by shooting at sheriff’s deputy, Gary Vancil.
The jury found the appellant “guilty of an attempt to commit an assault in the first degree as charged” and the trial court set sentence at 8 years’ imprisonment in the penitentiary.
Before trial, a stipulation was entered with reference a prior offense in which the appellant had been involved. The trial court indicated this stipulation to the jury in the following language. (R. 17).
“THE COURT: All right, ladies and gentlemen, before we begin taking testimony, I’ll state to you that earlier outside of your presence it was stipulated by the Defendant through his attorney that the law enforcement officers first had been told of an earlier disturbance at the Disco Inn and that second, Ezekiel Poole had been reported to be involved in it, and third, that the officers had probable cause to go to his house to arrest him on the charge of murder. So all of that is stipulated as being facts that are not in dispute. That will probably shorten eviden-tiary phase of the trial somewhat.
“Now that still does not prove this Defendant guilty of anything. That’s just stipulated as to part of the sequence of events that took place and you are not to draw any inference from that that he might be guilty of the present charge. It has nothing to do with the guilt or innocence, it’s just a stipulation of part of the evidentiary chain.”
Sheriff’s Deputy Gary Vancil testified that on the night of March 8, 1981, accompanied by Deputy Goodman, they went to the Disco Inn at Minter, Alabama, where they found one black male bleeding from a wound in the lower abdomen and covered with a blanket. In response to questioning, they were told that the appellant, Ezekiel Poole, was responsible for the shooting, and that he lived a short distance away. These two deputies, together with Deputy John Hall, then went to the residence of Poole, entered the house, but found that he was not at home. As they came out of the house, they heard a rustling in the bushes across the road and Deputy Vancil then shined his large flashlight in the direction of the noise and called out, “This is the Sheriff’s office. Come out of the woods.” He stated that all three men were dressed in their Sheriff’s uniforms and had gone to the residence in a Dallas County vehicle with blue lights on the roof. He stated that as he extended his arm shining the light, he observed a black male lying on his stomach with a pistol pointed at his direction, about 15 to 20 feet away. He further stated that at this point, he jumped and heard a shot and saw a flame come from the end of the *516 barrel. He stated that he and the other officers then returned the fire, heard the appellant cry out and that as he approached the appellant with pistol in hand, he stepped on the appellant’s hand as he was attempting to retrieve the pistol. Deputy Vancil then identified the weapon the appellant had as a “blue steel, snub-nosed .38, Tighton Tiger.” He further stated that the appellant was wounded by a shotgun fired by Deputy Roger Goodman. The appellant was then placed under arrest and taken to the hospital in Dallas County.
Deputy Vancil’s testimony was corroborated by Deputies Goodman and Hall.
The appellant’s motion to exclude the State’s evidence was overruled.
The appellant took the stand to testify that he had left the Disco Inn and headed toward his home in the Minter community, walking down a dirt road on the night in question; that he did not have a telephone and that he was headed toward a neighbor’s home to use the phone because he planned to call police; that he walked into the woods and heard some shots and called out, “Don’t shoot”, but stated that if he, himself, shot, “the gun must have gone off, if it was shot, I did not know it.” He denied seeing a police or sheriff’s car with any blue lights and firing at the officers.
On cross-examination, the appellant admitted being convicted of manslaughter growing out of the death of the party at Disco Inn earlier that year.
There was no exception to the oral charge of the court.
I
Just prior to trial, the appellant’s counsel stated that he was filing a plea of former jeopardy growing out of the original murder charge which resulted in a manslaughter conviction for the party who had been shot at Disco Inn.
After hearing argument, the trial court overruled this motion.
In Racine v. State, 291 Ala. 684, 286 So.2d 896 (1973), Mr. Justice Merrill stated the following:
“A plea of former jeopardy is unavailing unless the offense presently charged is precisely the same in law and fact as the former one relied on under the plea. And this is true even if both cases are founded on the same facts but the crimes charged were not the same in law. Smith v. State, 256 Ala. 444, 55 So.2d 208; Rutherford v. State, 49 Ala.App. 246, 270 So.2d 678, cert. denied, 289 Ala. 751, 270 So.2d 679; 6 Ala.Dig., Criminal Law, 195(1).”
As may be seen, the facts out of which the present offense arises are not “precisely the same in either law or fact” but arise from the effort on the part of Dallas County deputies to arrest the appellant to answer for the original charge involving the shooting at the Disco Inn.
Clearly the trial judge properly denied the plea of former jeopardy.
II
The appellant next contends that the trial court erred in denying a challenge for cause involving a venireman named Mr. Alison. The record in this cause involving the qualifications of the venire as to this matter is as follows: (R. 8).
“Q. (Continuing) I believe the only member of the District Attorney’s staff who has been in private practice around here is Mr. Greene. Have any of you been clients of Mr. Greene, Edgar W. Greene, Jr.?
“A. (No response.)
“Q. Are any of you close personal friends of any member of the District Attorney’s staff consisting of Roy Johnson, the District Attorney, Mr. Edgar W. Greene, Jr., the Deputy District Attorney, Mr. Nathanial Walker, who’s seated here at counsel table and he’ll be trying the case, Mr. James Sullivan, Mr. Paul Mez-ner, and Mr. Bob Roseberry?
“MR. ALISON: Mr. Greene is my second cousin.
“THE COURT: All right. Thank you for admitting that, Mr. Alison. Obviously, you can see that I’m very fond of Mr. *517 Greene or I wouldn’t tease him like that. Would that have any bearing on your being able to fairly try this case, Mr. Alison? Would you be inclined to give more emphasis to the witnesses that were produced by Mr. Greene than you would to witnesses that were produced by Mr. Blair? •
“MR. ALISON: I don’t believe so, Judge.
“THE COURT: All right.”
“THE COURT: All right. Is the State satisfied with the qualifications?
“MR. WALKER: Yes, sir.
“THE COURT: What says the Defendant?
“MR. BLAIR: We’re satisfied, Your Hon- or.
“THE COURT: All right, then you gentlemen may proceed to strike the jury.
“(Whereupon the jury was struck.)
“(Whereupon the jury was seated in the jury box.)
“(Whereupon the jury was sworn in.)” (R. 15).
As may be seen, the appellant’s counsel announced “Satisfied, Your Honor” following the qualifications of the venire, and, in fact, made no challenge whatever to Mr. Alison.
Moreover, the deputy district attorney to whom Mr. Alison stated he was a “second cousin” was not the attorney for the State who was trying this case. Rather, it was the Honorable Nathanial Walker who prosecuted this case.
Further, this Court, speaking through Judge Bowen, in Howard v. State, 420 So.2d 828, (Ala.Cr.App.1982) stated:
“It is not ground for challenge for cause that a juror is related to counsel in a criminal case. Washington v. State, 58 Ala. 355 (1877). That a juror is related to the district attorney or to the prosecuting attorney is no ground for challenge for cause. Frost v. State, 225 Ala. 232, 142 So. 427 (1932). As used in Alabama Code 1975, Section 12-16-150, ‘prosecutor’ means ‘one who instigates prosecution by making an affidavit charging a named person with the commission of a penal offense, on which a warrant is issued, or an indictment or accusation is based.’ Wright v. State, 40 Ala.App. 263, 269, 111 So.2d 588, cert. denied, 269 Ala. 131, 111 So.2d 596 (1958). ‘Prosecutor’ as used in the statute containing the statutory challenges for cause does not mean the district attorney prosecuting the accused. Acoff v. State, 50 Ala.App. 206, 278 So.2d 210 (1973).”
It is clear that no error is shown with reference the venireman, Mr. Alison.
Ill
Finally, appellant’s counsel argues that the trial court erred in not granting his motion to exclude the State’s evidence, asserting the State failed to prove a prima facie case. All three deputies, Vancil, Goodman and Hall, positively identified the appellant as being observed lying in the bushes with pistol in hand, and firing at them after being called upon to surrender himself. The three had driven there in a plainly marked Dallas County Sheriff’s vehicle with blue lights, all three were dressed in sheriff’s uniforms, identified themselves and shined the flashlight at the appellant. They had been directed to go there to seek out the appellant to answer a different charge which had occurred earlier that evening at the Disco Inn. See Gilmore v. State, 339 So.2d 116 (Ala.Cr.App.1976), cert. denied, 339 So.2d 121 (Ala.1976).
It is clear that the trial judge properly overruled appellant’s motion and submitted his cause to the jury.
We have carefully examined this record and find same free of error. This cause is hereby affirmed.
AFFIRMED.
All the Judges concur.

. See Commentary to §§ 13A-6-20-22, Code of Alabama 1975.