# Walker *v.* The State.

*Indictment for Grand Larceny.*

| 117 | 85 |
| 124 | 27 |
| 124 | 35 |
| 117 | 85 |
| 129 | 99 |
| 117 | 85 |
| 138 | 80 |
| 117 | 85 |
| 144 | 34 |

1. *Trial and its incidents; continuance; right of defendant to compulsory process for obtaining witnesses.*—While the granting or refusal to grant a continuance is purely within the discretion of the trial court and not revisable on appeal, this rule of practice can not be so applied as to contravene the provisions of the Bill of Rights (Const. Art. I., § 7), which guarantees to an accused the "right to have compulsory process for obtaining witnesses in his favor"; and no con-

[Walker v. The State.]

venience of the court nor any condition of the docket of the cases for trial can authorize the denial of this right to the accused.

2. *Same; same.*—To entitle an accused in a criminal case to a continuance and compulsory process to secure absent witnesses, the court has the right to require him to make a showing as to the facts expected to be proved by the absent witnesses, and that such witnesses are within the jurisdiction of the court.

3. *Same; how question reserved for review on appeal.*—In order to present for review on appeal the ruling of the trial court in refusing to the defendant in a criminal case a continuance and compulsory process for absent witnesses, it is necessary for the defendant to reserve an exception to such ruling.

4. *Same; larceny; admissibility of showing as to what absent witness would testify.*—Where in a trial under the indictment for larceny, on an application for continuance on account of the absence of a witness, the court puts the defendant to a showing as to what the absent witness would testify, and after the making of such showing, the court stated that it was not probable the witness would testify as set forth in the showing, and, therefore, he would not require the State to admit such showing, and further stated that if the real defense turned upon the identity of the property stolen, the showing would be permitted to go to the jury, and then required the defendant to go to trial, if the evidence adduced on the trial identifies the property stolen in the defendant's possession, and the evidence, as set forth in the showing is material and direct on the question of the identity of the property, the court's refusal to admit such showing upon the subsequent request of the defendant is erroneous.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

The appellant was indicted, tried and convicted for the larceny of a hog. The bill of exceptions recites that upon the cause being called for trial "the State having announced ready for trial, the defendant stated that he was not ready, as seven of his witnesses were absent. Thereupon the court asked when the witnesses were summoned. Being told by the clerk that they had been summoned several weeks prior, the court directed the defendant to inform him as to the materiality and importance of the testimony of the absent witnesses. Defendant thereupon asked not to be put upon a showing as to these absent witnesses, and requested the court to continue the case. The court refused to continue the case. The defendant then asked the court to set the case for another day of the term and to give him attachments for the witnesses absent. The court replied that

no day was open, and commanded the defendant to prepare a showing. In due time defendant submitted a showing as to two witnesses. The showing as to one was admitted. With respect to the showing for Rance Williams, the court stated that it was not at all probable that witness would admit the recent possession of the property, if it were stolen, and would not require the State to admit the showing; but said further that if it developed that the real defense turned upon the identity of the hog, the showing would be permitted to go to the jury, and required defendant to go to trial without respect to the showing.''

The trial was then proceeded with, and the State introduced evidence tending to show that the defendant was guilty as charged in the indictment; and that he stole and killed the hog belonging to Lettie Seawright.

The evidence in behalf of the defendant tended to show that he purchased the hog, which had been identified by the State's witnesses as the property of Lettie Seawright, from one Rance Williams, and that after the killing and butchering of the hog, he had exposed it for sale near the place where Lettie Seawright lived.

After the introduction of all other evidence in his behalf, the defendant asked permission of the court to introduce the showing as to what Rance Williams would testify. This showing is copied in the opinion. The court refused to permit this showing to be introduced, and as the bill of exceptions recites, assigned as the reason for said refusal, that the defense developed by the testimony for the defendant did not warrant it. To this ruling of the court the defendant duly excepted.

JOSEPH CALLOWAY, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State, cited *Lowery v. State*, 98 Ala. 46; *Starr v. State*, 25 Ala. 49; *Johnson v. State*, 87 Ala. 39.

COLEMAN, J.—The defendant was convicted of the larceny of a hog. Before the trial was entered upon, the defendant applied to the court for a continuance, which was refused, and after conviction moved the court for a new trial, which motion was overruled.

It is well settled that the statute, authorizing an exception to the action of the court overruling a motion for a new trial, has no application to criminal cases. It is also settled, that the granting of continuances, or the refusal to grant a continuance, is purely discretionary and not revisable on appeal. The rule of practice as to continuances can not be so applied as to contravene the seventh section of the Bill of Rights, Art. I. of the constitution, section 7, which declares that in criminal prosecutions the accused has a right "to have compulsory process for obtaining witnesses in his favor."

The record states that the defendant requested the court to set the case down for a day later of the term, and to grant him compulsory process for his absent witnesses. These witnesses had been regularly summoned, and had failed to attend. No convenience of the court, nor any condition of the docket of the cases for trial, can authorize the denial of this right of the accused, guaranteed to him by the constitution of the State.

There are two reasons why the action of the court must be sustained in the present case. In the first place, no showing was made that the absent witnesses were within the jurisdiction of the court, and there was no exception to the ruling of the court. We are of opinion that to entitle a party to compulsory process, the court has the right to require from him a showing as to the facts expected to be proved by the absent witnesses, and further, that the witnesses are within the jurisdiction of the court. The court should also satisfy itself of the diligence used to obtain the witnesses, and the *bona fides* of the application for compulsory process, and that it is not made for mere delay. In order to obtain a revisable error, it is necessary to reserve an exception.

We are of opinion that the defendant is entitled to a reversal upon another ground. The defendant made a showing as to what the absent witness, Rance Williams, would testify to if present. As to this statement the court said, "that it was not at all probable that witness would admit the recent posession of the property if it was stolen, and he would not require the State to admit the showing," but said further, "that if it developed that the real defense turned upon the identity of the hog, the showing would be permitted to go to the jury;"

and after this statement the trial proceeded. The record does not inform us whether or not the statement of the court was made in the presence of the jury. There was no conflict in the evidence that the defendant on Monday morning, at the house of Mary Lee, was seen cleaning a hog, and the evidence for the State showed that it was the hog of Lettie Seawright as laid in the indictment. The showing as to what the absent witness Rance Williams would prove was as follows : "I know the hog which the defendant is charged with stealing. I sold said hog to the defendant and delivered it to him at the house of Mary Lee, and was present when said hog was killed." We are of opinion this evidence was very material, was direct on the question of identity. Again, the defendant was indicted for larceny of the hog, and could not have been convicted of receiving stolen property. The court was under no legal obligation to state that the showing would be admitted as evidence under any conditions, but having made the statement, and the trial being entered upon, and the showing becoming material even as to the identity of the hog, its exclusion was erroneous. Our opinion is, that the statement must be considered as if the witness was present, and the testimony, excluded as irrelevant or immaterial, had been offered in evidence.

Reversed and remanded.