# Thomas v. The State.

### Assault with Intent.

(Decided September 7, 1916. Rehearing denied October 19, 1916.
73 South. 558.)

Witnesses; Right to Attendance; Compulsory Process.—Section 6,
Constitution 1901, entitles a defendant not only to a subpoena, but on show-
ing due diligence to an attachment for compulsory attendance by a witness,
and where it appears that a material witness had been subpoenaed before
trial, and had not appeared, and an attachment for such witness was asked,
it was error to deny it.

APPEAL from Jefferson Criminal Court.

Heard before Hon. A. H. ALSTON.

Mack Thomas was convicted of assault with intent to murder,
and he appeals. Reversed and remanded.

The bill of exception shows the absence of Nettie Longstreet,
a witness for defendant, who had been served with subpoena to
appear at the trial, and that defendant moved the court not to
place him upon trial, and to cause an attachment to issue for said
witness. The court interrogated the attorney, and learned that
it had been discovered by defendant about two hours before the
calling of the case that the witness had not come in, that counsel
did not know why she had not come in, but that she was a mate-
rial witness for defendant, had been summoned two weeks before

[Thomas v. The State.]

the trial, and the original subpœna showed that it had been executed on October 30, 1915, and it further appeared that witness lived in East Birmingham. The court then stated to counsel that no attachment would issue to witness, but that counsel might make a showing which the counsel did. The testimony of witness as set out tended to show self-defense. The court then stated that the case would go to trial, and defendant again objected to being placed on trial without the witness, and again moved the court for the issuance of compulsory process for the witness, which the court declined, defendant excepting.

R. L. WILLIAMS, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.—On re-examination of the question presented in this case, we hold that Const. 1901, § 6, guaranteeing to the accused in a criminal prosecution "compulsory process for obtaining witness in his favor," not only entitles him to the ordinary preliminary process of subpœna, but, on proper showing of due diligence exercised by him in his own behalf, he is entitled to the extraordinary process of attachment. These are the processes "usual and known to the law" to compel the attendance of witnesses.—*Bush v. State,* 168 Ala. 81, 53 South. 266; *Childress v. State,* 86 Ala. 84, 5 South. 775; *Walker v. State,* 117 Ala. 85, 23 South. 670. And we approve what was said in *Graham v. State,* 50 Ark. 161, 6 S. W. 721: " 'Compulsory process for obtaining witnesses' [in his favor] means the right to invoke the aid of the law to compel the personal attendance of witnesses at the trial, when they are within the jurisdiction of the court. It is a substantive right, a real right, and not an illusory sham to be satisfied by the issue of process, which is to be rendered ineffectual by hastening on to immediate trial. A reasonable opportunity to make the process effective must be afforded, else what the framers of the Constitution termed 'a right to be enjoyed' by the accused, is only a mockery to vex."—Volume 2, Words and Phrases, 1377.

And by the Supreme Court of this state: "No convenience of the court, nor any condition of the docket of the cases for trial, can authorize the denial of this right of the accused, guaranteed to him by the Constitution of the state."—*Walker v. State,* 117 Ala. 88, 23 South. 670.

[Thomas v. The State.]

The case of *Sanderson v. State,* 168 Ala. 109, 53 South. 109, as reported is misleading, and the first headnote, when referred to the conclusion of a majority of the court, is incorrect. A majority of the court in that case did not concur in the opinion of Justice McCLELLAN on this question, but held to the contrary view. What was said in the first paragraph of the opinion in *Brand v. State,* 13 Ala. App. 390, 69 South. 380, on the subject was dictum, and is here disapproved, but the following utterance in that case is reaffirmed: "From the fact stated above, it is clear that the accused had the full benefit of the provision of the Constitution. He was granted the extraordinary compulsory process, as well as the ordinary process, for securing the attendance of his witnesses. * * * The Constitution does not authorize the court to use its extraordinary process to arrest and incarcerate a witness without bail for the benefit of the accused, but it prohibits such a course.—Const. 1901, § 16."

The constitutional guaranty "does not operate to take from the court the discretion as to granting or refusing continuances, or the authority to adopt proper means for ascertaining whether an application for continuance is made with a view of obtaining a fair trial, or for the mere purpose of delay. * * * Extraordinary compulsory process, such as attachment, is not resorted to, until the witness has placed himself in contempt, and the propriety and the necessity of the process is shown. The court is not bound to order an attachment, ex mero motu, on the failure of a witness to appear."—*Childress v. State, supra.*

Before it can be said that the accused has been denied this constitutional right, he must apply to the court for the issuance of an attachment and show to the court that the witness has been served with a subpœna a sufficient length of time before the trial to afford an opportunity to the witness to obey its mandate, that the witness is within the jurisdiction of the court, and that his attendance can be obtained within a reasonable time by the compulsory process, that such witness is absent without the procurement or consent of the accused, and that the testimony of the witness is material.—*Bush v. State, supra; Childress v. State, supra.*

The showing made was sufficient to authorize the issuance of an attachment, and the court erred in refusing to order an attachment for the witness.

[Howard v. The State.]

The original opinion is withdrawn, and the application for rehearing granted.

Reversed and remanded.