(124 So. 402)

### WILLIAMS v. STATE. (7 Div. 497.)

Court of Appeals of Alabama.   June 18, 1929.

Rehearing Granted Nov. 5, 1929.

Wilkinson & Burton and Frank A. Wilkinson, all of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

RICE, J. Appellant was convicted of the offense of rape, and given a sentence to serve imprisonment in the penitentiary for a term of 10 years. A discussion of the testimony seems unnecessary.

An application for a continuance in a criminal case on account of absent witnesses is addressed to the discretion of the trial court, and its refusal is not revisable on appeal, unless it is plainly shown that there was an abuse of such discretion by the said court. Huskey v. State, 129 Ala. 94, 29 So. 838.

We are not persuaded that the trial court abused its discretion in refusing to grant a continuance in this case, when it was called for trial, on account of the absence of the appellant's witness Dr. Garrison.

There was no error in refusing to allow appellant (defendant) to introduce in evidence the indictment returned against him at a former term of court charging him with the offense of "assault with intent to ravish," growing out of the same occurrence as that that gave rise to the trial under the instant indictment for "rape."

The bench notes of the trial judge show that a "special venire" in this case was duly waived by the defendant. This is sufficient. McSwean v. State, 175 Ala. 21, 57 So. 732. And appellant cannot now be heard to complain that the judgment entry does not record the fact that he waived his right to a special venire in accordance with Code 1923, § 8651.

We discover nowhere any prejudicial error, and the judgment is affirmed.

Affirmed.

### On Rehearing.

So far as we can ascertain, and we hold, the following quotation correctly states the law of our state, with reference to the right of a defendant in a criminal prosecution to have "compulsory process for obtaining witnesses in his favor," as provided by section 6 of the Constitution of 1901, to wit: " 'Compulsory process for obtaining witnesses' [in his favor] means the right to invoke the aid of the law to compel the personal attendance of witnesses at the trial, when they are within the jurisdiction of the court. It is a sub-

stantive right, a real right, and not an illusory sham to be satisfied by the issue of process, which is to be rendered ineffectual by hastening on to immediate trial. A reasonable opportunity to make the process effective must be afforded, else what the framers of the Constitution termed 'a right to be enjoyed' by the accused, is only a mockery to vex."[?] Thomas v. State, 15 Ala. App. 408, 73 So. 558.

But it should be kept in mind that: "The constitutional guaranty—'does not operate to take from the court the discretion as to granting or refusing continuances, or the authority to adopt proper means for ascertaining whether an application for continuance is made with a view of obtaining a fair trial, or for the mere purpose of delay. * * * Extraordinary compulsory process, such as attachment, is not resorted to, until the witness has placed himself in contempt, and the propriety and the necessity of the process is shown. The court is not bound to order an attachment, ex mero motu, on the failure of a witness to appear.'" Thomas v. State, supra.

Upon reconsideration of this case, upon appellant's application for rehearing, while adhering to what was said in our opinion on the original submission, we have nevertheless come to the conclusion, and now hold, that the trial court erred prejudicially to appellant in refusing to issue an attachment for the witness Dr. Garrison. Every condition set forth as a prerequisite for its issuance in the law as it exists in our state seems to have been met by the circumstances, and for the refusal to issue the process the former judgment of affirmance will be set aside, and one here rendered reversing the judgment of convictions and remanding the cause for a new trial.

Opinion extended, application for rehearing granted, reversed and remanded.