26 So.2d 723

### REESE v. STATE.
### 4 Div. 904.

Court of Appeals of Alabama.
Mar. 19, 1946.

Rehearing Denied June 25, 1946.

Roy L. Smith, of Phenix City, for appellant.

Wm. N. McQueen, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant was tried and convicted of the offense of illicit distilling. Title 29, Sec. 103, Code 1940.

The brevity of this opinion will not indicate any indifference to the very able and comprehensive brief filed by the Assistant Attorney General.

The sufficiency of the evidence to base a conviction on was not tested by the request for the affirmative charge, and, had it been, the propriety of its refusal would be apparent.

Several officers testified that from an unobstructed vantage point they observed the appellant working at a still. He was being assisted by three or four other persons. The still at the time was complete and in full operation. The officers kept vigilance for about thirty minutes or an hour and made their presence known. The defendant ran, but was overtaken. After his arrest, he made the voluntary statement, in which he admitted that he was connected with the operation.

The defendant, as a witness in his own behalf, did not deny being at the still, but claimed he was there for the purpose of collecting some money from one of the other men.

450

It follows, of course, that the motion for new trial on the ground of the insufficiency of the evidence was overruled without error.

The two questions raised while the testimony was being introduced do not merit comment.

At the call of the case in the lower court, the appellant applied for a continuance. He made it known to the court that "he had a summons issued in open court today for a witness, Tom Dawson, who was then and there present in open court, and the said witness was not served with said summons to appear in said cause."

It appears that Tom Dawson was a codefendant with appellant, but after pleading guilty had absented himself from the court room. Clearly, the trial court did not abuse his discretion in denying a continuance under the circumstances of such a delayed effort to assure the presence of the desired witness. Sanderson v. State, 168 Ala. 109, 53 So. 109; Welch v. State, 28 Ala.App. 273, 183 So. 879; Newman v. State, 30 Ala.App. 529, 9 So.2d 768.

Refused charge numbered two was covered by given charge numbered one. Title 7, Sec. 273, Code 1940.

The case was tried with evident care and caution. Every legal right of the appellant was safeguarded by the able judge who presided.

The record is clear from any prejudicial error, and it is, therefore, ordered that the judgment of the lower court be affirmed.

Affirmed.