James Lee King was indicted for and convicted of first degree robbery in violation of § 13A-8-41, Code of Alabama 1975. He was sentenced to twenty-five years' imprisonment.
The only issue raised on appeal is whether the trial court's denial of a motion for continuance constituted an abuse of judicial discretion. Therefore, a lengthy recital of facts is unnecessary.
Ms. Angela Williams, Assistant Manager of Crispy Chick Restaurant in Mobile County, testified that on January 2, 1981, a man came in the restaurant at around 8:00 p.m., ordered some peppers, and then walked out of the store. Shortly thereafter the man again entered the restaurant and ordered some more peppers. As she was ringing up the order, the young man pulled a pistol, told her to be still, and asked her to open the cash register. Ms. Williams did as she was ordered as another young man came into the store and took the money out of the cash register. The two men then fled the scene.
Blendell Taldon, the cook at Crispy Chick Restaurant, who was standing behind Ms. Williams when the robbers came into the restaurant, virtually repeated the testimony of Ms. Williams. However, Mr. Taldon further testified that he was working at Crispy Chick on February 12, 1981, when he saw appellant and some other young men come back into the restaurant. After he recognized these men as the same ones involved in the January 2, 1981, robbery of the restaurant, the police were then called.
Both Ms. Williams and Mr. Taldon went to the police station to view a lineup for purposes of identifying the robber. Both Ms. Williams and Mr. Taldon identified the appellant as the individual who had held the gun during the January 2, 1981, robbery of the Crispy Chick Restaurant.
In deciding whether the trial court should have granted a continuance in order to procure several witnesses' attendance, it should be initially noted that a motion for a continuance in a criminal case is addressed to the sound discretion of the trial court. Weaver v. State, 401 So.2d 344, (Ala.Cr.App. 1981); Fletcher v. State, 291 Ala. 67, 277 So.2d 882 (1973);Peaden v. State, *Page 771 275 Ala. 72, 152 So.2d 136 (1963). Only where there is shown an abuse of discretion will such exercise be disturbed. Wilson v.State, 384 So.2d 1243 (Ala.Cr.App. 1980); Weaver, supra. This rule clearly applies to cases where the continuance is based on an absent witness. Weaver, supra; Bailey v. State,398 So.2d 406 (Ala.Cr.App. 1981); Godfrey v. State, 383 So.2d 575
(Ala.Cr.App.), cert. denied, 383 So.2d 579 (Ala. 1980). A reversal of conviction because of the trial court's refusal to grant a continuance requires "a positive demonstration of abuse of judicial discretion." Beauregard v. State, 372 So.2d 37, 43
(Ala.Cr.App.), cert. denied, 372 So.2d 44 (Ala. 1979); Weaver, supra. Counsel is expected to exercise diligence in preparing his case for trial and for procuring necessary witnesses.Godfrey, supra; Weaver, supra.
 "Thus, at best, appellant is faced with the heavy burden of overcoming the presumption in favor of the trial court's ruling in denying his motion for a continuance. This is so even if it is assumed that appellant has favorably shown that he has reasonably sought the witness's attendance, Palmer v. State, 165 Ala. 129, 51 So. 358 (1909); has shown that the witness's attendance can be obtained within a reasonable time, Thomas v. State, 15 Ala. App. 408, 73 So. 558 (1916); and has shown that the absent witness's testimony will be material and not merely cumulative. Rogers v. State, 365 So.2d 322
(Ala.Crim.App.), cert. denied, 365 So.2d 334
(Ala. 1978)."
Weaver v. State, supra, at 349.
At appellant's trial on January 6, 1982, defense counsel asked the trial court for a continuance due to the fact that several key witnesses had not been personally served their subpoenas and were not present. In replying to defense counsel's request, the trial court stated:
 "THE COURT: The Court notes that the case has been set four different times; that the case was crowded out on July 30, 1981, because the Court was involved in the trial of another case. That on September 21st, the case was continued because the Court was involved in a murder case. On November 18, the case was passed at the request of the Defendant in order to secure witnesses. It was reset for November 19. On November 19, the case was crowded out, because the Court was involved in the trial of a murder case.
 "The Court notes from the Court file that the notice to issue subpoenas, the last notice given at the request of the attorney for the Defendant dated October 5, 1981, which presumably was prior to the setting of the case in November. That such a letter does not indicate that the request for subpoenas was requested that they be served personally when, and in fact, the said subpoenas were generally mailed to the witnesses rather than being served personally.
 "It would appear from the docket sheet that this fact was known on November 18th when the case was set because it was passed, the case was passed in order for the defendant to secure witnesses. There is not another request for the issuance of subpoenas. Mr. Brown indicates, however, that he had requested it personally of the Clerk's Office, which the Court does not have any question whatsoever about.
 "MR. BROWN: That's why we asked that that subpoena list be made a part of the record of this trial.
 "THE COURT: The Court is of the opinion that because of the fact that even though a verbal request for service personally of the witness was made, that the burden should be placed upon the subpoenaeing party to check to see whether or not the witnesses, the subpoenas are in fact served personally, and that if they are not served personally, if that be the request, then they could be reissued prior to the date of the trial to be served personally.
 "The Court is not of the position to order instanter subpoenas for witnesses when it is just discovered the date of the trial that the witness was not served with the subpoena personally. *Page 772 
 "Some of the witnesses did in fact answer — one witness did in fact answer that was subpoenaed.
 "The Court, however, will reserve ruling on the motion for continuance and may proceed with the striking of the Jury and then rule on the motion before the trial is to begin."
As the aforementioned facts demonstrate, one trial continuance had been granted on November 18, 1981, so that appellant could secure the presence of needed witnesses. The record further reveals that after said trial continuance was granted, no new steps were taken by defense counsel to insure the attendance of witnesses. The only action taken by defense counsel was a verbal request to the circuit clerk's office that the subpoenas be personally served rather than served through the mail. This court notes the fact that appellant's trial was reset for November 19, 1981, but was moved to January 6, 1982, due to an overcrowding of the docket. No new requests were filed with the Clerk's Office ordering the reissuing of subpoenas and requesting that any such subpoenas be personally served upon the witnesses.
Furthermore, there is no real demonstration that appellant's girl friend, girl friend's mother, or his sister's testimony would not have been cumulative of that of Veronica Curry, since appellant himself stated that he was not constantly with the witnesses who were to testify in his behalf. Appellant testified that he was in "Snug Harbor" on the date of the robbery, but stated:
 "I couldn't say whether I was there at eight o'clock, because I wasn't keeping up with no time. But I know I was in Snug Harbor, you know . . .
 I know I was there then. I couldn't say exactly where I was at in the house, you know. You know, it's a big, it's apartments, you know, and my mother-in-law lives upstairs you know, and I got friends, you know in the bottom apartments. It's four houses in the apartment, you know."
Appellant at no time presented formal affidavits stating what he expected his witnesses to show. The only "showing" made in this case was appellant's implication that others might have known where he was during the time of the robbery on January 2, 1981, and this was made after the jury had been selected, empaneled, and sworn before Judge Zoghby. The record does not indicate that a showing of any type was ever made before Judge Zoghby prior to the trial on January 6, 1981. Defense counsel only stated that appellant was not ready to proceed without his witnesses present.
In addition, appellant failed to show that the witnesses' attendance could be obtained within a reasonable time. The record is silent as to the whereabouts of any potential witnesses.
In applying the foregoing principles of law to the facts in this case, we cannot say as a matter of law that the trial court abused its discretion in denying appellant's request for a continuance.
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.