Willie D. Pritchett was indicted for the first degree robbery of one Larry James Walton, by taking from the person of Larry James Walton two twenty-dollar bills, threatening the imminent use of force to effectuate the taking of or escaping with the property, while armed with a deadly weapon, a pistol, contrary to § 13A-8-41, Code of Alabama 1975. The jury found the appellant "guilty of robbery in the first degree" and the trial court fixed punishment at life imprisonment without benefit of parole pursuant to the Alabama Habitual Offender Act.
Larry James Walton stated that he was a security guard on duty at the front gate of the Sunnyland Refinery in Birmingham, Alabama on November 22, 1981. Around four (4) o'clock that afternoon the appellant drove up to the gate in a green Cadillac. At the time the appellant drove up to the gate, Mr. Lewis Johnson was present in the security station along with Mr. Walton. Mr. Johnson was employed by Sunnyland as a truck driver. Mr. Walton stated that the vehicle in which the appellant arrived was occupied by the appellant and another black male. The appellant got out of the vehicle and approached the guard station. At this point Walton made an in court identification of appellant as the man who got out of the vehicle. Mr. Walton stated that the appellant asked him whether another security officer, whom he was looking for, was on duty. After informing the appellant the officer was not on duty, Mr. Walton was asked if he would call the other officer on the telephone. He stated that he was unable to reach the officer. The appellant then asked Mr. Johnson if he was interested in buying a gun. Mr. Walton then testified that he noticed what appeared to be a pistol in the appellant's pocket. The appellant then asked Mr. Walton to continue to try to reach the other officer and he would check back later. The appellant then walked back to his vehicle, got in and drove away. About five (5) or six (6) minutes later Mr. Johnson left.
Mr. Walton stated that a few minutes after Mr. Johnson departed the vehicle which appellant was driving returned to the gate. He testified that the appellant got out of the vehicle, came into the security station, asked him whether he had been able to reach the other officer, and then requested he try another number. When Mr. Walton began to place the telephone call the appellant pointed a pistol at him and demanded $200. Mr. Walton stated that he told appellant he did not have $200 and that appellant then demanded his wallet. He stated that at this time he refused to give appellant his wallet and the appellant then put the pistol to Walton's face and told him he would blow his brains out. Mr. Walton then opened his wallet, removed two twenty-dollar bills and showed the appellant he did not have any more money. The appellant picked the money up, backed out of the station and ran to the vehicle. He stated that at this time the other occupant of the vehicle moved to the driver's seat and appellant entered the vehicle on the passenger side. Before the vehicle was out of sight, Mr. Walton was able to take down the tag number. After this he called the Birmingham police. Mr. Walton stated that prior to this day he had never seen the appellant.
On cross-examination he testified that he was not supposed to be the purchaser of the pistol the appellant had, nor was he ever a party to such transaction.
On re-direct examination, Mr. Walton testified that a few days after the incident a detective came out to the refinery and showed him a set of photographs. He was shown six (6) photographs which he stated were the same ones shown to him on that occasion. He also testified that he picked one of those photographs, marked State's Exhibit 1, as the photograph of the man who robbed him, and that this photograph was in fact one of the appellant, Willie D. Pritchett.
John Barefield testified that he was a Birmingham policeman on November 22, 1981. He stated that he was in charge of the investigation of the robbery of Larry *Page 986 
James Walton. He stated that he showed Mr. Walton two sets of photographs, one on November 24 at approximately 11:30 a.m. and another set on the same day at 2:30 p.m. Mr. Walton was unable to identify anyone in the first group of photographs, which did not contain a photograph of the appellant. However, he was able to identify a photograph of the appellant, which was included in the second group, as that of the man who had robbed him. He further testified that his reports contained a tag number which had been provided by Mr. Walton and that the tag was registered to a Leanid Pritchett, 2218 Avenue J in Ensley, Alabama. He went to this address and found it to be the address of either the mother or father of the appellant.
The appellant's motion to strike the indictment and dismiss the appellant, based on the fact the State had failed to prove a prima facie case, was denied at the close of the State's case.
Willie Dee Pritchett testified on his own behalf and stated that on November 22, 1981 he recalled seeing Mr. Walton at the Sunnyland Refinery and that Mr. Walton had given him $40 to purchase a pistol for him, but he did not know anything about a robbery on that date. He stated that he had gone to the security station because the other security guard who worked with Mr. Walton had told him Mr. Walton wanted him to bring a pistol by for him to purchase. He stated that upon arriving at the security station he and a Mr. Freeman went in to see Mr. Walton. He stated that Mr. Walton asked him if he had the pistol and that he told Mr. Walton he would have to pay the $40 first. At this time Mr. Walton gave him $40 and told him to be back within thirty (30) minutes.
Mr. Pritchett testified that he had met Mr. Walton on several prior occasions. He stated that after the money was exchanged he and Mr. Freeman departed. He dropped Mr. Freeman off three or four blocks from the refinery and he then drove home. He further stated that the man who was supposed to obtain the pistol and take it to Mr. Walton never showed up and that Mr. Walton then issued a warrant for Mr. Pritchett's arrest. He then stated that Mr. Walton had given the money to Mr. Freeman and it was Mr. Freeman who was supposed to take the pistol back to Mr. Walton.
On cross-examination Mr. Pritchett stated again that he had met Mr. Walton on several prior occasions and denied ever having the $40 or a pistol.
 I
The appellant contends that the trial court committed reversible error and abused its discretion in denying the appellant's motion for continuance based on the absence of a witness. In deciding whether the trial court should have granted a continuance in order to procure Mr. Freeman's attendance, it should be noted initially that a motion for continuance in a criminal case is addressed to the sound discretion of the trial court, the exercise of which will not be disturbed unless clearly abused. Bailey v. State,398 So.2d 406 (Ala.Cr.App. 1981); Fletcher v. State, 291 Ala. 67,277 So.2d 882 (1973); Wilson v. State, 384 So.2d 1243 (Ala.Cr.App. 1980). This rule clearly applies to cases where the continuance is based on an absent witness. Bailey v. State, supra; Weaverv. State, 401 So.2d 344 (Ala.Cr.App. 1981); Stewart v. State,398 So.2d 369 (Ala.Cr.App. 1981), cert. denied, 398 So.2d 376
(Ala. 1981). In Stewart a continuance was held properly denied where appellant did not subpoena a defense witness until the Thursday before his trial on Tuesday. Furthermore, counsel is expected to exercise diligence in preparing his case for trial and for procuring necessary witnesses. Godfrey v. State,383 So.2d 575 (Ala.Cr.App. 1980), cert. denied, 383 So.2d 579 (Ala. 1980).
The Court of Appeals has previously stated:
 "Before it can be said that the accused has been denied this constitutional right, he must apply to this court for the issuance of an attachment and show to the court that the witness has been served with a subpoena a sufficient length of time before the trial to afford an opportunity *Page 987 
to the witness to obey its mandate, that the witness is in the jurisdiction of the court, and that his attendance can be obtained within a reasonable time by the compulsory process. . . ." Thomas v. State, 15 Ala. App. 408, 73 So. 558 (1916).
The refusal to grant a continuance is not error in the absence of a showing that the appellant could probably locate and have the witness served within a reasonable time, Myers v.State, 19 Ala. App. 98, 95 So. 331 (1923); and where there was no effort to secure the presence of the witness until the day of the trial. Reese v. State, 32 Ala. App. 449, 26 So.2d 723
(1946).
Here, the appellant did not show that he had sought the attendance of witness Freeman until the day of the trial, and the witness was still not located on the day of the trial. The appellant never made a showing that the witness had been served with a subpoena. Furthermore, there was no showing that appellant could locate Freeman within the 48 hours requested. While there was a showing by the appellant that Freeman was present at the time and place of the robbery, whether or not he could in fact corroborate the testimony of appellant is an open question. While appellant's counsel stated to the court that the witness for whom process was desired was a material witness for the appellant, it was not made to appear what the evidence was which counsel deemed material. A motion for a continuance was denied in Watson v. State, 389 So.2d 961 (Ala.Cr.App. 1980), when the appellant had some six weeks to prepare and obtain all necessary witnesses. This situation is a similar one since appellant had over eight weeks to prepare and obtain witnesses. The showing in this case was untimely. The constitutional assurance of compulsory process for obtaining witnesses in one's favor is not to be construed in practice as to permit the accused to secure delay by applying for process at the last moment. Palmer v. State, 165 Ala. 129, 51 So. 358
(1909).
In view of the foregoing principles and applying them to the facts in this case, we can not say that as a matter of law the trial court abused its discretion in denying appellant's request for a continuance.
The judgment appealed from is therefore due to be and the same is hereby affirmed.
AFFIRMED.
All the Judges concur.