TAYLOR, Judge.
The appellant, Nelson Patterson Bates, Jr., was charged with burglary in the first degree, burglary in the third degree, and fraudulent use of a credit card, violations of § 13A-7-5, § 13A-7-7, and § 13A-9-14, Code of Alabama 1975, respectively. After a jury trial, the appellant was found guilty of burglary in the first degree. Following the verdict, the appellant entered guilty pleas to the remaining charges of burglary in the third degree and fraudulent use of a credit card. He was sentenced to 20 years’ imprisonment on the first degree burglary charge, 3 years’ imprisonment on the third degree burglary charge, and 3 years’ imprisonment on the credit card offense.
The state’s evidence tended to show that on December 5, 1990, George Ellard’s residence was burglarized. Among the items taken were a .380 caliber automatic Beretta pistol, a 12-gauge Winchester shotgun, assorted jewelry, a camera, a videocassette recorder, and a Uniden satellite de-scrambler. Also taken were various credit cards, including a Mastercard credit card in Ellard's name. On December 7, three men entered an Eckerd drugstore in Birmingham, one of whom was later identified by two Eckerd employees as the appellant, Nelson Patterson Bates, Jr. Claiming to be Ellard’s grandson, the appellant had used Ellard’s Mastercard credit card to purchase some items. One of the clerks, noticing that the appellant did not know how to spell the name on the card and thinking that the men looked suspicious, telephoned Ellard after the three men left the store and told him that someone claiming to be his grandson had just used his Mastercard credit card. When Ellard told her that the card had been stolen, she contacted the police.
After receiving the clerk’s telephone call, Deputy Ben Cheaves of the Jefferson County Sheriff’s Office went to the Eckerd store, where he took a description of the three men and began to search the area. When he discovered that someone had recently registered with Ellard’s Mastercard credit card at a nearby Birmingham motel, Cheaves called for back-up. Upon the arrival of the other officers, Cheaves directed them to cover all of the motel’s exits and the front door to the room that had been paid for with the stolen credit card.
Cheaves knocked on the door to the room and said, “Open up. It’s the police.” Inside the room, he could hear “rustling” about, but there was no response. About four minutes later, he again announced, “Police.” This time, somebody in the room said, “The door is open,” and Cheaves and one other officer entered the room with their weapons drawn.
Inside, the two officers arrested two males while the appellant was arrested trying to flee through the room’s other door. The three men were handcuffed, and a cursory search of the appellant produced Ellard’s credit card, which the appellant had hidden in one of his boots. Later, two clerks from the Eckerd store were brought into the room, where they positively identified the three men as the men who were in the drug store and the appellant as the man who had used Ellard’s credit card.
*413 After being taken to police headquarters and being read his Miranda[1] rights, the appellant waived his rights and made a full confession, admitting that he and the other two men had broken into Ellard’s home and stolen several items, which they later sold, and that he had used the credit card at both Eckerd and the motel.
The appellant presents four issues on appeal.
I
The appellant first contends that the trial court erred in denying his motion to suppress the evidence seized during the search of his person.
The appellant’s contention is due to be denied on the merits. An exception to the warrant requirement exists where there are “exigent circumstances coupled with probable cause.” Ex parte Hilley, 484 So.2d 485, 488 (Ala.1985); McClellan v. State, 415 So.2d 1238, 1239 (Ala.Cr.App.1982). The possibility that evidence will be destroyed is an exigent circumstance widely recognized by the courts. Welsh v. Wisconsin, 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984); Consalvo v. State, 372 So.2d 44 (Ala.Cr.App.), writ denied, 372 So.2d 49 (Ala.1979), cert. denied, 444 U.S. 953, 100 S.Ct. 429, 62 L.Ed.2d 324 (1979). See also, United States v. Young, 909 F.2d 442 (11th Cir.1990), cert. denied, — U.S. -, 112 S.Ct. 90, 116 L.Ed.2d 62 (1991).
Under the “totality of the circumstances” test, established in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), for determining whether probable cause exists for a warrantless search and seizure, there was ample probable cause to believe that the appellant was in the motel room and that evidence of criminal activity was also in the room. Because the item being sought (i.e., Ellard’s Mastercard credit card) could easily be destroyed, disposed of, or hidden, the police were justified in conducting a sweep search of the motel room and the suspects. See, e.g., Consalvo, supra.
II
The appellant’s next contention is that the trial court erred in allowing the confessions made by the appellant at the police station after his arrest to be received into evidence. The appellant contends that his arrest was illegal (because of the lack of a warrant) and that any confession produced as a result was inadmissible.
As stated earlier, the police had probable cause to believe that the men in the motel room had committed a crime. Once the stolen credit card was discovered on the appellant’s person, the totality of the circumstances gave the police probable cause to arrest the appellant. Because the appellant was in lawful custody, any confessions made at the police department are admissible because he was informed of his Miranda rights and he signed a waiver of rights form. See, e.g., New York v. Harris, 495 U.S. 14, 110 S.Ct. 1640, 109 L.Ed.2d 13 (1990).
III
The appellant next contends that the trial court violated his constitutional right to have compulsory process for securing favorable witnesses by denying his motion for a continuance and by not serving a writ during trial to have the witness, a codefendant who was in custody, made available for trial.
A trial court should grant a motion for a continuance to enable the accused to obtain a witness if the appellant shows the following: (1) that the expected evidence is material and competent; (2) that there is a probability that the evidence will be forthcoming if the case is continued; and (3) that the moving party exercised due diligence to secure the evidence. Robinson v. State, 560 So.2d 1130 (Ala.Cr.App.1989); Ex parte Saranthus, 501 So.2d 1256 (Ala.1986). A motion for a continuance to secure witnesses is addressed to the sound discretion of the trial court, King v. State, 435 So.2d 769 (Ala.Cr.App.1983), and the denial of such a motion will only be reversed upon a showing of a gross abuse of *414 that discretion. McFarland v. State, 581 So.2d 1249 (Ala.Cr.App.1991); McLeod v. State, 581 So.2d 1144 (Ala.Cr.App.1990).
On the day originally set for trial, May 6, 1991, counsel for the appellant moved for a continuance so that he could have an opportunity to locate various witnesses to testify at a hearing on his motion to suppress. That motion was granted and the hearing was postponed until May 13. On May 8, appellant counsel filed two subpoenas for the two codefendants in the case, neither of which was served. On the day of the trial, counsel again moved for a continuance. The trial judge denied the motion. At that point, the appellant informed his counsel that he knew of the whereabouts of one of the codefendants. Counsel then attempted to renew his motion, but the trial judge refused to delay any longer and the trial commenced. The next day, counsel requested that the court serve a writ to have the codefendant who was in the custody of the Division of Youth Services in Birmingham made available to testify, but the court refused.
There is no evidence that the appellant’s counsel used due diligence in attempting to ascertain the whereabouts of the two code-fendants. He was granted one continuance and did not produce the witnesses. Therefore, we find no abuse of discretion in the trial court’s denial of the appellant’s second motion for continuance.
IV
The appellant’s final contention is that the state suppressed fingerprint evidence in violation of his due process rights under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194,10 L.Ed.2d 215 (1963). Further, the appellant alleges that the trial court erred in denying his motion to compel the state to produce fingerprint evidence.
At the appellant’s arraignment, the court entered a discovery order, under which the state was to produce, among other things, the results of any scientific, physical, or medical tests. On May 6, 1991, the court granted the appellant’s motion for a continuance so that he could obtain taped statements made by the appellant’s two code-fendants and the results of a fingerprint analysis that was apparently still being conducted.
On May 13, Sergeant Frank Clifton of the Jefferson County Sheriff’s Department testified that one fingerprint had been obtained at Ellard’s house, but that the print was in such poor condition that a comparison with the appellant’s prints could not be made. After the suppression hearing, the appellant moved to compel the prosecution to produce the fingerprint that had been obtained at Ellard’s house. Based on Clifton’s testimony, the trial court denied the motion.
In Brady, the United States Supreme Court held that “the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment.” 373 U.S. at 87, 83 S.Ct. at 1196-97. There is no evidence that the state purposely suppressed any evidence that would tend to exculpate the appellant. Furthermore, Sgt. Clifton’s testimony reveals that the only fingerprint that was obtained was too illegible to make a comparison with the appellant’s prints. Therefore, we find no violation of Brady.
Also, the appellant contends that the trial court committed reversible error when it denied his motion to compel the state to produce the fingerprint evidence. When the appellant made this motion, he knew from Clifton’s testimony that the fingerprint that had been obtained was illegible. The trial court’s denial of the motion to compel discovery is, at worst, harmless error as it has not “injuriously affected substantial rights” of the defendant. Rule 45, A.R.App.P.
For the foregoing reasons, the appellant’s conviction is due to be affirmed.
AFFIRMED.
All the Judges concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).