MADDOX, Justice
(dissenting).
The majority denies the State’s petition for the writ of certiorari, without writing an opinion. I disagree with that denial because I believe the state’s petition has probable merit. Consequently, I would grant certiora-ri review and consider the question raised: Did the trial court’s refusal, during the course of the trial, to grant the defendant’s request for an instanter subpoena violate the defendant’s constitutional rights?
The facts surrounding this ease are set out in the opinion of the Court of Criminal Appeals. McTerry v. State, 680 So.2d 953 (Ala.Crim.App.1996). I will restate the most pertinent facts for a better understanding of the constitutional issues presented.
Derrick McTerry was convicted of assault in the first degree in the shooting of Ronald Jelks and was sentenced to 20 years’ imprisonment. Jelks claimed that as he and his friend Greg Williams were riding their bicycles along a street, the defendant, who Jelks said he had known for 8 years, ran toward him and shot him in the neck. Jelks was paralyzed from his neck down as a result of the shooting.
Jelks’s friend Greg Williams apparently was the only eyewitness to the shooting other than Jelks and thé person who shot him. According to the opinion of the Court of Criminal Appeals, Williams testified at the defendant’s preliminary hearing that the person who shot Jelks was riding a bicycle, but also testified that “he was unable to identify the shooter because the events surrounding the shooting happened so quickly.” 680 So.2d at 954.
The state subpoenaed Williams as a witness, but on the day of trial excused him because it considered his testimony “neutral.” The incident giving rise to the issue presented here relates to the testimony of the victim, Jelks, who did not testify at the preliminary hearing, but who testified at trial. Jelks testified that the defendant, McTerry, was on foot when he ran toward him and shot him. Jelks’s testimony that McTerry was on foot conflicted with the testimony Williams, the excused witness, had given at the preliminary hearing. At the preliminary hearing, Williams had testified that the person who shot Jelks was riding a bicycle.
On the day after Jelks had testified, and after the State had already excused Williams as a witness, McTerry asked the court to issue an instanter subpoena for Williams, on the grounds that because Jelks had not testified at the preliminary hearing McTerry had *958 had no way of knowing before trial that Jelks’s testimony and Williams’s testimony would conflict. He claimed that he had not subpoenaed Williams for two reasons: “(1) Williams had already been subpoenaed by the state, and he assumed Williams would be at trial if needed, and (2) he did not anticipate that there would be any conflict between Williams’s [testimony] and Jelks’s testimony.” McTerry v. State, 680 So.2d at 954.
The trial court refused McTerry’s request, “[s]tating that the appellant should have subpoenaed Williams as a witness for the defense because it appeared that Williams’s testimony may have been favorable to [McTerry].” McTerry, 680 So.2d at 954. A Jefferson County jury found the defendant guilty.
McTerry appealed. The Court of Criminal Appeals, construing Rule 17, Ala.R.Crim.P., and other Alabama law, held that McTerry “was denied his constitutional right to compulsory process.” McTerry, 680 So.2d at 956.[1] The Court of Criminal Appeals stated that it would not discuss McTerry’s remaining issues in depth, but noted that McTerry had argued that his trial counsel was ineffective in that he had “failed to investigate his case and [had] failed to prepare an adequate defense.” 680 So.2d at 956. The court said: “Although we do not pass of the merits of [MeTerry’s] claim, we note that trial counsel’s reliance on the state’s subpoena list to secure Williams’s testimony borders on ineffective performance,” McTerry, 680 So.2d at 956, citing Pritchett v. State, 445 So.2d 984 (Ala.Crim.App.1984). The court also noted other things from the trial that it suggested may have been improper.
While I recognize that a defendant’s right to compulsory attendance of witnesses and right to counsel are constitutionally guaranteed, I do not believe that a defendant’s right to subpoena witnesses is absolute,[2] and I do not believe that the words “at any time,” appearing in Rule 17.1(a),[3] when construed as required by the provisions of Rule 1.2, Ala. R.Crim.P.,[4] take away from the trial judge the discretion to make sure that justice is done for both the State and the defendant.
I would grant the writ to consider what I believe to be an expansive holding by the Court of Criminal Appeals relating to the right of an accused to compulsory process, especially as that right is balanced against the right of a trial judge to conduct a criminal trial. Even the Court of Criminal Appeals seems to recognize that “the court’s duty to issue subpoenas on an accused’s behalf does not require the court to grant a motion for a continuance or a motion for an attachment.” 680 So.2d at 956.
It is well established that there are two ways in which a defendant can have a witness subpoenaed for testimony: (1) by requesting an subpoena from the clerk of the court and (2) by having the court issue an extraordinary process of attachment or instanter subpoena, as provided under Rule 17.5, Ala.R.Crim.P.[5] Thomas v. State, 15 Ala.App. 408, 73 So. 558 (1916).
*959 Continuances and motions for attachment are within the sound discretion of the trial court, and a defendant must show an abuse of that discretion in order for an appellate court to hold the trial court in error in its ruling on such a motion. Anderson v. State, 542 So.2d 292 (Ala.Crim.App.1987), writ quashed, 542 So.2d 307 (Ala.), cert. denied, 493 U.S. 836, 110 S.Ct. 116, 107 L.Ed.2d 77 (1989), quoting Richardson v. State, 476 So.2d 1247, 1248 (Ala.Crim.App.1985). Moreover, “‘[t]he general rule is that “[a] movant [for a continuance] must show that due diligence has been exercised to obtain the attendance of the witness, that substantial favorable testimony would be tendered by the witness, that the witness is available and willing to testify, and that the denial of a continuance would materially prejudice the defendant.” United States v. Uptain, 531 F.2d 1281, 1287 (5th Cir.1976).’ ” Anderson, 542 So.2d at 298.
“‘The constitutional assurance of compulsory process for obtaining witnesses in one’s favor is not to be construed in practice as to permit the accused to secure delay by applying for process at the last moment.’ ” Wade v. State, 497 So.2d 593, 594 (Ala.Crim.App.1986), quoting Pritchett v. State, 445 So.2d 984 (Ala.Crim.App.1984). Furthermore, “[a] defendant desiring a witness cannot rely on the fact that the state has issued process for him.” Smith v. State, 368 So.2d 298, 304 (Ala.Crim.App.1978), writ quashed by Ex parte Smith, 368 So.2d 305 (Ala.1979). Likewise, counsel must exercise due diligence in preparing a case for trial and in procuring necessary witnesses. Pritchett v. State, 445 So.2d at 986.
Based on the foregoing, I must respectfully disagree from the denial of the State’s petition for the writ of certiorari.
HOOPER, C.J., concurs.

. The Court of Criminal Appeals emphasized the words "at any time” in Rule 17.1(a), and stated further: "Moreover, § 12-21-46, Code of Alabama 1975, describes the defendant's right to subpoena witnesses through the court as absolute.” 680 So.2d 955.

. Although I recognize that the “[r]ight of compulsory process is a fundamental element of due process law,” Washington v. Texas, 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967), I also note that the Supreme Court of the United States has also held that it is not automatically enforced, and requires an initiative of the accused to invoke it. Taylor v. Illinois, 484 U.S. 400, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988).

. Rule 17.1(a) provides: “The clerk of the court in which a criminal proceeding is pending shall issue subpoenas at any time for such witnesses as any party may require for attendance at trial and at hearings ...”

. Rule 1.2 provides: "These rules are intended to provide for the just and speedy determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare.”

. Rule 17.5 specifically states: "Any witness who, after being subpoenaed, fails to appear at the time and the place as required by the subpoena, or who fails to remain until released, may be attached by order of the court.” (Emphasis added.)