I dissent from the majority's holding in this case that the search of the appellant as he was unconscious and being treated in the hospital was lawful because the search was accompanied by probable cause and exigent circumstances. I do not agree.
The facts reflect that Officer McGee was called to the appellant's residence because of a possible drug overdose. When he arrived the appellant was comatose. An anonymous telephone call was received while McGee was still at the appellant's residence indicating that the appellant had ingested heroin. McGee accompanied the appellant to the hospital. The appellant was lying on his back, semiconscious, in the hospital emergency room while hospital personnel were "working on him," when Officer McGee turned the appellant over enough to get to his back pocket and remove an envelope. The envelope, which Officer McGee opened, contained a controlled substance.
The Fourth Amendment to the United States Constitution protects every citizen against "unreasonable" search and seizures. The Fourth Amendment states:
 "The right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized."
If this was not an "unreasonable" search and seizure, I do not know what is.
All warrantless searches are per se unreasonable under the Constitution unless they fall within one of the well-established exceptions to this constitutional prohibition. The exceptions include plain view, consent, incident to lawful arrest, hot pursuit or emergency situations, probable cause accompanied by exigent circumstances, and a stop and frisk situation. See Ex parte Tucker, 667 So.2d 1339 (Ala. 1995). "Where a search is executed without a warrant, the burden falls upon the State to show that the search falls within an exception." Tucker, 667 So.2d at 1343.
There were absolutely no exigent circumstances present in this case. As the Alabama Supreme Court stated in Ex parteRieber, 663 So.2d 999 (Ala. 1995), quoting United States v.Standridge, 810 F.2d 1034, 1037 (11th Cir. 1987), cert. denied,481 U.S. 1072, 107 S.Ct. 2468, 95 L.Ed.2d 877 (1987): *Page 643 
 " 'Factors which indicate exigent circumstances include: (1) the gravity or violent nature of the offense with which the suspect is to be charged; (2) a reasonable belief that the suspect is armed; (3) probable cause to believe that the suspect committed the crime; (4) strong reason to believe that the suspect is in the premises being entered; (5) a likelihood that delay could cause the escape of the suspect or the destruction of essential evidence, or jeopardize the safety of officers or the public. See Dorman v. United States, 140 U.S.App. D.C. 313, 435 F.2d 385, 392-93 (D.C. Cir. 1970) (en banc); United States v. Campbell, 581 F.2d 22, 25-27 (2d Cir. 1978); United States v. Newbern, 731 F.2d 744, 748-49 (11th Cir. 1984); United States v. Roper, 681 F.2d 1354, 1357 n. 1 (11th Cir. 1982) (dictum), cert. denied sub nom. Newton v. United States, 459 U.S. 1207, 103 S.Ct. 1197, 75 L.Ed.2d 440 (1983).' "
Well recognized exigent circumstances include the immediate safety of the public, see Landreth v. State, 600 So.2d 440
(Ala.Cr.App. 1992), and the possibility that evidence will be destroyed, see Bates v. State, 600 So.2d 411 (Ala.Cr.App. 1992).
Neither one of these situations was present in the instant case. Here, the appellant was lying on his back, semiconscious, in the hospital emergency room while hospital personnel were "working on him." There was absolutely no question that the safety of the public was at issue or that the evidence would be immediately destroyed. Neither were any of the other circumstances discussed in Rieber present here.
McGee could have held the appellant's clothes and obtained a search warrant, if he had reason to believe that the appellant was in possession of a controlled substance. However, Officer McGee had no warrant nor did he have probable cause to open the closed envelope in the appellant's pocket. Officer McGee stated that he had never been told that the appellant was in possession of any controlled substance. Nor had he been told by hospital personnel that the appellant was in fact suffering from a drug overdose. Furthermore, Officer McGee testified that he opened the envelope because of "professional curiosity" not because he suspected that it contained a controlled substance. See Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130,124 L.Ed.2d 334 (1993). There were no probable cause or exigent circumstances here.
If an unlawful search and seizure may be carried out and upheld by an officer's saying that the search was not a search because he was exercising his "professional curiosity," then the portion of the United States Constitution quoted above has been abrogated. For this reason, I must dissent.